UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW WHALEN,

                                        *Plaintiff*,

versus

JPMORGAN CHASE BANK,

                                        *Defendant.*

**THIRD AMENDED COMPLAINT**

Civil Action No.
01-CV-6492L(B)

## NATURE OF CLAIM

1.    This is a proceeding for declaratory relief to redress the deprivation of rights secured to plaintiff by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. § 216(b) conferring jurisdiction of any civil action arising under the FLSA.

3.    Venue is appropriate in the Western District of New York since the allegations arose in this district and plaintiff resides in this district.

## PARTIES

**A.    *Defendant***

4.    Defendant is a Delaware corporation.

5.    Defendant is a retailer engaged in the sale of goods crossing interstate lines.

6. Defendant employed 50 or more people during the relevant time of this lawsuit.

7. Defendant is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

**B.    *Plaintiff***

8. Plaintiff Andrew Whalen is a resident of the State of New York, residing at 1619 Flaxen Drive, Farmington, New York 14425.

9. Plaintiff was employed by defendant as an Underwriter in the Rochester, New York office and has been working for defendant since November 23, 1998.

## FACTUAL BACKGROUND

10. Plaintiff frequently worked more than 40 hours in a week and was not compensated at a rate of one-and-a-half times his hourly rate as required by the FLSA.

11. Chase is in the business of extending credit to customers.

12. The product Chase produces for its customers are loans.

13. Underwriting job functions are integral to Chase's production of these products.

14. Defendant's policy is to not pay statutory overtime to employees who perform the job functions set forth above.

15. The failure to pay overtime as required by the FLSA is willful.

## FIRST CAUSE OF ACTION
### *FLSA*

16. Plaintiff realleges the above paragraphs as if fully restated herein.

17. Defendant violated its obligations under the FLSA and is liable to plaintiff.

**WHEREFORE**, plaintiff demands judgment against defendant in his favor as follows: Declare that defendant violated the FLSA by failing to provide overtime pay to plaintiff as required by the FLSA during the period of time plaintiff worked as an underwriter in the Rochester Home Equity Group.

Dated: January 27, 2004

> DOLIN, THOMAS & SOLOMON LLP
>
> By: _____
> J. Nelson Thomas, Esq.
> *Attorneys for Plaintiff*
> 135 Corporate Woods, Suite 130
> Rochester, New York 14623
> Telephone: (585) 272-0540

H:\Davis, Mike\Complaint Third Amended--Whalen.doc