UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW WHALEN,

          *Plaintiff,*

versus

JPMORGAN CHASE BANK,

          *Defendant.*

Civil Action No.

01-CV-6492L(B)



## DEFENDANT JPMORGAN CHASE BANK'S
## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant JPMorgan Chase Bank ("Defendant"), by and through its undersigned attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Third Amended Complaint of Plaintiff Andrew Whalen ("Plaintiff") in the above-captioned matter by admitting, denying, and averring as follows:

### NATURE OF CLAIM

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint, except to admit that Plaintiff brings this Complaint for declaratory relief to address alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

### JURISDICTION AND VENUE

2. Defendant avers that the allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is necessary, except to admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4), 28 U.S.C. § 1337, and 29 U.S.C. § 216(b).

3.  Defendant avers that the allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is necessary, except to admit that Plaintiff purports to lay venue in this Court.

## PARTIES

4.  Defendant denies the allegations contained in Paragraph 4 of the Complaint, and states that Defendant is organized under the laws of the State of New York.

5.  Defendant admits that it engages in interstate commerce.

6.  Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant admits that Plaintiff worked for Defendant as an Underwriter in Rochester, NY until 2002 and has worked for Defendant since November 23, 1998.

## FACTUAL BACKGROUND

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint and avers that Plaintiff is an exempt employee under the FLSA.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except to admit that Defendant is a large financial institution that offers a wide variety of products and services.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, except to admit that Defendant is a large financial institution that offers a wide variety of products and services.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint and avers that Plaintiff's job function is of substantial importance to Defendant.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except to admit that Plaintiff is an exempt employee under the FLSA and, thus, does not qualify for overtime compensation for hours worked in excess of forty per week.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## FIRST CAUSE OF ACTION (FLSA)

16. Paragraphs 1-15 above are incorporated by reference as if the same were fully set forth herein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## GENERAL DENIAL

18. Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

19. Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the WHEREFORE Paragraph of the Complaint.

## DEFENSES

## FIRST DEFENSE

20. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

22. Plaintiff has been employed by Defendant in a bona fide administrative, executive, and/or professional capacity, pursuant to 29 U.S.C. § 213(a)(1), and, therefore, has been and continues to be exempt from the overtime provisions of the FLSA.

## FOURTH DEFENSE

23. If Defendant's failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

## FIFTH DEFENSE

24. If Defendant's failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## SIXTH DEFENSE

25. Defendant's failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

## SEVENTH DEFENSE

26. If Defendant's failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, none of Defendant's actions or omissions constitute a willful violation of the FLSA.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified in the course of this litigation.

**WHEREFORE**, Defendant demands judgment as follows:

    A.    Dismissing Plaintiff's Third Amended Complaint in its entirety;

    B.    Granting Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

    C.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 13, 2004

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Sam S. Shaulson
101 Park Avenue
New York, New York 10178
(212) 309-6000
(212) 309-6273 (facsimile)

– and –

JONES DAY
Samuel Estreicher
222 East 41st Street
New York, New York 10017-6702

– and –

JPMORGAN CHASE LEGAL DEPARTMENT
Todd Gutfleisch
One Chase Manhattan Plaza - 26th Floor
New York, New York 10006
(212) 552-0913
(212) 552-1630 (facsimile)

Attorneys for Defendant JPMorgan Chase Bank

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Defendant JPMorgan Chase Bank's Answer to Plaintiff's Third Amended Complaint via Overnight Mail, on this ▓▓ day of February 2004, on:

J. Nelson Thomas, Esq.
DOLIN, THOMAS & SOLOMON LLP
135 Corporate Woods
Rochester, NY 14623

Attorneys for Plaintiff

I affirm that the foregoing statements are true, under penalty of perjury.

Samuel S. Shaulson