UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW WHALEN,

                               *Plaintiff*,

versus

            **Civil Action No.**
            **01-CV-6492L(P)**

JP MORGAN CHASE BANK,

                               *Defendant*.


## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO QUASH AND FOR SANCTIONS


            **DOLIN, THOMAS & SOLOMON LLP**
             *Attorneys for Plaintiff*
            693 East Avenue
            Rochester, New York 14607
            Telephone: (585) 272-0540


Of Counsel:   J. Nelson Thomas
                    Michael J. Lingle

**PRELMINARY STATEMENT**

Plaintiff requests that the subpoena issued to First Rochester Mortgage, Michael Davis's post-defendant employer, be quashed because defendant failed to comply with Federal Rule of Civil Procedure ("Rule") 45 and the subpoena seeks information which is irrelevant to this case. Plaintiff also requests an award of sanctions for the issuance of the subpoena without compliance with Rule 45's prior notice requirement.

**FACTS**

On June 20, 2006 plaintiff's counsel received a fax from defendant's counsel in which defendant's counsel, Carrie Gonell, informed plaintiff that a subpoena had been issued to First Rochester Mortgage, the post-defendant employer of Michael Davis (the employee who initially started this case, suggesting the subpoena was issued for retaliatory purposes), for various documents regarding Mr. Davis's application for employment with that company and included a notice stating that service had been made on June 19, 2006. (Attached as Exhibit A to the Affirmation of Michael J. Lingle ("Lingle Aff.") sworn to June 21, 2006)  Plaintiff was not provided with notice of the subpoena prior to receipt of the fax on June 20, 2006. (Lingle Aff. ¶ 2)

The subpoena commands First Rochester Mortgage to produce all resumes submitted, created or prepared by Michael Davis; any and all employment applications filled out by Michael Davis; any and all documents regarding job duties of Michael Davis at any of his past jobs; any and all notes from interviews or discussions about prospective employment at First Rochester Mortgage between anyone at First Rochester Mortgage and Michael Davis; any and all references from any past employer of Michael Davis, or documents concerning any such references; and any and all documents concerning the employment application and

hiring process for Michael Davis not described above.  (Lingle Aff., Ex. A)

The subpoena clearly seeks information which has no relevance to the case given that the complaint alleges violations of the Fair Labor Standards Act.

Thus, the subpoena should be quashed and sanctions should be imposed for defendant's blatant disregard of Rule 45.[1]

ARGUMENT

I.  **DEFENDANT'S FAILURE TO SERVE THE SUBPOENA WITH PRIOR NOTICE IS IMPROPER**

Defendant failed to provide plaintiff's counsel with adequate notice of the subpoena issued to First Rochester Mortgage in violation of Rule 45.  Rule 45 is clear: a party *must* serve "[p]rior notice of any commanded production of documents and things" on the other party in the case *before* serving a third party.  FED. R. CIV. P. 45(b)(1).  The Advisory Committee Notes explain the provision:

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things.  Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31.  But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

This Court has itself underlined that counsel must adhere to this requirement.

> The law could not be clearer concerning an attorney's responsibility when issuing third-party subpoenas….
>
> Without question, Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to "provide prior notice to all parties to the litigation."  *Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 411 (S.D.N.Y. 2000); see *Seewald v. IIS Intelligent Information Sys., Ltd.*, 1996 WL 612497, at *4 (E.D.N.Y. Oct.16, 1996).  "The requirement of prior notice has been

---

[1]  To the extent that defendant received any records in connection with this subpoena, plaintiff requests that such documents be suppressed.

H:\Davis, M\Motion to Quash\Memo of Law in Support of Motion to Quash.doc

interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." Id. (*citing Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D.Kan.1998); 9 Moore's Federal Practice, § 45.03[4][b] at 45-27 (3d Ed.2000))….

*Murphy v. Bd. Of Educ. Of the Rochester City School Dist.*, 196 F.R.D. 220 (W.D.N.Y 2000) (Larimer, C.J., Feldman, M.J.).

This is not a technical requirement—reasonable prior notice is necessary to allow the party to confer with opposing counsel and/or make a motion to quash the subpoena, particularly when the defendant is seeking material of a personal nature.

> [Judge Feldman's ruling] demonstrates why advanced notice to opposing counsel is crucial before third-parties are required to disclose highly sensitive material. As Judge Feldman noted: "This Court firmly rejects as deplorable the notion that a litigant can delve without restriction or restraint into the most private and personal aspects of an individual's life simply by designating the individual as a 'defendant' in a discrimination lawsuit." September 11, 2000 Decision and Order, at p. 7….
>
> In an age where vast amounts of personal information is retained by outside sources, the abuse of Rule 45 subpoena power demonstrated here raises serious public policy implications. Here, [counsel] obtained, "through a non-party with no interest to object, the most personal and sensitive information about a party." *Spencer v. Steinman*, 179 F.R.D. 484, 489 (E.D.Pa.1998) (rejecting attorney's " 'no harm no foul' defense" and assessing attorneys' fees as sanction following abuse of Rule 45 subpoena power). Taken to its logical extreme, any individual named as a defendant could become subject to the unfettered disclosure of his or her personal information--while the judiciary is relegated to the role of forcing closed Pandora's box. [Counsel] through her actions, deprived defendant Smith of his "greatest safeguard under the Rule, *i.e.*, the ability to object to the release of the information prior to its disclosure." *Spencer*, 179 F.R.D. at 489.

*Id.*

In this case, defendant's counsel's notice to plaintiff's counsel indicating that the subpoena was served demonstrates that defendant violated Rule 45 and provided plaintiff with no opportunity to object.  (Lingle Aff., Ex. A)  Therefore, defendant's subpoena to First Rochester Mortgage should be quashed.

In addition, defendant should be sanctioned for its conduct. Although courts are generally reluctant to impose sanctions, when a party violates Rule 45's prior notice requirement, sanctions are the norm, not the exception. *See e.g., Mann v. University of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997) (unpublished decision upholding award of sanctions for violation Rule 45). This Court itself has explicitly endorsed the appropriateness of sanctions when counsel improperly obtains sensitive personal information by going around Rule 45's requirements. *Murphy*, 196 F.R.D. at 227.

## II. THE SUBPOENA IS PROPERLY QUASHED PURSUANT TO RULE 26

Further, Rule 26(c) provides that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The subpoena defendant served will cause annoyance and possible embarrassment to Mr. Davis as the subpoena seeks information from his post-termination employer which is irrelevant and has no bearing on this case.

First, before subpoenas are issued to subsequent employers of employees involved with employment litigation, less intrusive methods of obtaining relevant information should be explored, and courts have quashed subpoenas for employment records from post-termination employers for this reason. *See Baltazar v. Florida State Hosp.*, 04-CV-462, Order dated May 27, 2005 (N.D.Fla.) (attached to Lingle Aff. as Exhibit B) *aff'd* by Order dated July 5, 2005 (attached to Lingle Aff. as Exhibit C). At the very least, Mr. Davis should be provided with an opportunity to produce the relevant information requested before a subpoena is issued.

Second, the "catchall" request contained in the subpoena demonstrates that defendant is requesting any information concerning the employment application and hiring

- 5 -

process for Michael Davis. However, the employment application and hiring process concerning Mr. Davis at a subsequent employer has absolutely no bearing on whether Mr. Davis was illegally denied overtime pay in this case. At most, any resumes Mr. Davis authored which show Mr. Davis's description of his job duties may be relevant – and plaintiff will produce any such relevant documents Mr. Davis has in his possession. Information beyond that is simply irrelevant.

Further, although plaintiff does not believe that any of the other information sought by defendant is relevant, again, to the extent the information requested by the subpoena is determined to be relevant, plaintiff should have the opportunity to produce such information.

Third, Mr. Davis is not even a party to this action at this time. Consequently, he should be protected from the embarrassment and annoyance of a subpoena issued to his post-defendant employer.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the subpoena to First Rochester Mortgage be quashed and that sanctions be imposed on defendant due to its disregard of Rule 45.

Dated: June 21, 2006

**DOLIN, THOMAS & SOLOMON LLP**

By:   s/ Michael J. Lingle
       J. Nelson Thomas, Esq.
       Michael J. Lingle, Esq.
        *Attorneys for Plaintiff*
       693 East Avenue
       Rochester, New York 14607
       Telephone: (585) 272-0540
       nthomas@theemploymentattorneys.com
       mlingle@theemploymentattorneys.com