UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J. DAVIS and all other similarly
situated, et al.,

                Plaintiffs,

     v.

J.P. MORGAN CHASE & CO.,

                Defendant.
_____

DECISION & ORDER

01-CV-6492L

## PRELIMINARY STATEMENT

By order dated April 14, 2003, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 38). Currently before this Court is plaintiffs' motion to quash a non-party subpoena (Docket # 63) and defendant's cross-motion to compel the production of documents responsive to that subpoena (Docket # 76).

This matter was initiated by five named plaintiffs, including Michael Davis, who were employed as underwriters for defendant J.P. Morgan Chase & Co. ("Chase"). Plaintiffs allege in their Complaint that Chase failed to compensate them according to the overtime rate of time and one-half for more than forty hours worked in one week, as required by the Fair Labor Standards Act (the "FLSA"). (Docket # 42). Chase disputes plaintiffs' allegations, arguing that plaintiffs were exempt from the requirements of the FLSA. (Docket # 43). By stipulation, the parties have agreed to litigate first the claims of plaintiff Andrew Whalen as a "test plaintiff" to

determine whether Whalen was correctly classified as exempt from the FLSA's overtime requirement. (Docket # 31).

On June 19, 2006, by United States mail, counsel for Chase served a non-party subpoena upon Davis's current employer, First Rochester Mortgage. The subpoena requested the production of, *inter alia*, resumes, employment applications and other documents submitted by Davis describing the job duties he performed during his employment with Chase. (Docket # 77, Ex. H). That same day, Chase mailed notice of the subpoena to plaintiff's counsel; the address to which the notice was sent, however, was no longer current. The following day, counsel for Chase attempted to confirm service with the paralegal who had mailed the notice. Unable to do so (because the paralegal was not at work), she faxed a copy of the subpoena to plaintiffs' counsel, which arrived the same day the subpoena was received by First Rochester Mortgage. (The record does not make clear whether the faxed notice arrived at counsel's office before the subpoena was served). Later that day, plaintiffs' counsel advised counsel for Chase that he opposed the subpoena. In response, Chase instructed First Rochester Mortgage not to comply with the subpoena until the dispute was resolved. (Affidavit of Carrie Gonnell ("Gonnell Aff."), at ¶¶ 13-21). Plaintiffs thereafter filed the pending motion to quash the subpoena and for sanctions. (Docket # 63).

Chase opposes the motion to quash and has cross-moved to compel the production of documents responsive to the non-party subpoena and to allow defendants to conduct a non-party deposition of First Rochester Mortgage. (Docket # 76). On October 4, 2006, this Court conducted oral argument on the motions. Following argument, in an oral decision rendered from the bench, the Court denied Chase's motion to conduct a non-party deposition and

reserved decision on the remaining motions.[1] (Docket # 94). The following constitutes the Decision and Order of this Court.

### DISCUSSION

The non-party subpoena at issue in this case was served by Chase upon plaintiff Michael Davis's current employer, First Rochester Mortgage. Specifically, the subpoena requests the following documents in the possession of First Rochester Mortgage: (1) all resumes prepared by Davis; (2) all employment applications submitted by Davis; (3) all documents prepared by Davis relating to his duties at previous places of employment; (4) any notes taken during interviews of Davis regarding prospective employment with First Rochester Mortgage; (5) all references for Davis from previous employers; and (6) any other documents regarding Davis's application for employment at First Rochester Mortgage. (Docket # 77, Ex. H). According to Chase, these documents are relevant because they are likely to include representations made by Davis about his job duties at Chase; those representations, Chase further maintains, constitute evidence relevant to the determination whether Davis and other similarly-situated plaintiffs were properly classified as exempt under the FLSA.[2] Plaintiffs contend that the subpoena should be quashed because the requested documents are not relevant to plaintiffs' FLSA overtime claim and because the plaintiffs were not provided notice prior to service of the subpoena. (Docket

---

[1] This Court afforded counsel an opportunity to confer following oral argument to determine whether a resolution of the issues could be agreed upon. Correspondence received by this Court from counsel for both parties since that time makes clear that no such agreement has been reached and that determination of the pending motions is appropriate.

[2] According to defendant, Davis testified at his deposition that the only decisions he made in discharging his job responsibilities at Chase were "to sit down at [his] desk," "when to take a break" and "when to go to lunch." (Gonnell Aff. at ¶ 12). By contrast, a version of his resume produced by plaintiff described his responsibilities as "underwriting and making ultimate approval or denial final decisions for all home equity loans and lines of credit applications.") (Gonnell Aff. at ¶ 11).

# 64). Chase counters that the non-party subpoena was properly served and cross-moves to compel production of any responsive documents. (Docket # 76).

Rule 45 of the Federal Rules of Civil Procedure permits an attorney, acting as an officer of the court, to issue a subpoena to compel the production of documents from a non-party. Fed. R. Civ. P. 45(a)(3). The rule further requires that "[p]rior notice of any commanded production of documents and things . . . shall be served on each party in the manner prescribed by [the] Rule[s]." Fed. R. Civ. P. 45(b)(1). The purpose of the prior service requirement is to afford the opposing party the "opportunity to object to the production or inspection." Fed. R. Civ. P. 45 Advisory Committee Notes to 1991 Amendments. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii-iv) (court may quash or modify subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden"). "Without question, Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to 'provide prior notice to all parties to the litigation.'" *Murphy v. Board of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000)). "The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." *Id.* (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d at 411) (citations omitted)).

A court has the discretion to sanction conduct that it considers to be an abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Murphy v. Board of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. at 224. The power to impose sanctions is not governed by rule or statute, "but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO,*

*Inc.*, 501 U.S. at 43 (internal quotations omitted); *Murphy*, 196 F.R.D. at 224.  To justify the imposition of sanctions, the court must find that the offending conduct "was 'without a colorable basis' and was undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'"  *Murphy*, 196 F.R.D. at 225 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

It is plain from the record before this Court that Chase failed to provide plaintiffs' counsel with notice of the non-party subpoena prior to its service upon First Rochester Mortgage.  This failure not only violated the requirements of Federal Rule 45, but understandably frustrated Davis and his counsel, who were unable to seek a protective order from this Court before Davis's current employer learned of the subpoena.[3]  For the reasons explained below, however, I do not find that defense counsel's violation merits either the quashing of the subpoena or the imposition of sanctions.

Plaintiffs do not genuinely contest that any resume or document containing Davis's description of his job duties while employed at Chase is relevant to the issue of whether Davis was properly exempted from the reach of the FLSA.  (Docket # 64 at 5; Docket # 83 at 9).  (Davis does contest the relevance of documents relating to his employment with prior employers other than Chase.  (Docket # 64 at 5)).  *See Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 536-37 (7th Cir. 1999) (relying in part upon plaintiff's resume to find that plaintiff qualified as an exempt employee under FLSA); *Bobadilla v. MDRC*, 2005 WL 2044938, *8-9 (S.D.N.Y. 2005) (same).  Even had plaintiffs been provided with advance notice of the non-party subpoena, this

---

[3] During his deposition, which occurred before service of the challenged subpoena, Davis testified that Armando Capuana, one of Davis's supervisors at First Rochester Mortgage, was aware of this lawsuit.  The subpoena was directed to Mr. Capuana.  (Gonnell Aff. at ¶ 13, Ex. H).

Court likely would have denied any motion to quash the subpoena that was based on a challenge to the relevance of the documents sought.

Because the non-party subpoena properly seeks relevant evidence, the only question remaining is whether Chase's failure to comply with the notice requirements of Rule 45 warrants sanctions. While it is within the discretion of the Court to impose sanctions upon a party for its non-compliance with the Federal Rules of Civil Procedure, *see Chambers*, 501 U.S. at 50-51, sanctions are generally inappropriate unless the offending party's actions were undertaken in bad faith and "without a colorable basis." *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d at 336; *Murphy*, 196 F.R.D. at 224.

In this case, Chase's initial attempt to serve notice of the non-party subpoena was unsuccessful because counsel inadvertently sent the notice to plaintiffs' counsel's prior mailing address. Moreover, that notice was mailed contemporaneously with, rather than prior to, service of the subpoena. The following day, when counsel was unable to confirm service of the notice, she faxed a copy of the subpoena to plaintiffs' counsel.[4] Plaintiffs' counsel thereafter objected to the subpoena, and Chase's counsel properly instructed First Rochester Mortgage not to produce the requested documents. Indeed, counsel for Chase affirms that she has not received any responsive documents. (Docket # 77-3, Affidavit of Carrie Gonell at ¶ 21). Accordingly, although its remedial efforts did not ensure that Davis's counsel received notice prior to the issuance of the subpoena, Chase's conduct – which included directing the subpoena to the employee at First Rochester Mortgage who was already familiar with Davis's lawsuit – satisfies

---

[4] Facsimile transmission is not an authorized method of effecting service of the notice under Fed. R. Civ. P. 45.

this Court that it was not attempting to garner any unfair tactical advantage or to unduly prejudice plaintiff with his current employer.

Moreover, as previously noted, the purpose of the prior notice requirement is to afford parties the opportunity to object to a subpoena before documents are produced. *See* Fed. R. Civ. P. 45 Advisory Committee Notes to 1991 Amendments. Here, plaintiffs' counsel in fact objected to the subpoena served upon First Rochester Mortgage, Chase instructed First Rochester Mortgage not to respond and no documents have been produced due to Chase's instruction. *See Seewald v. IIS Intelligent Info. Sys.*, 1996 WL 612497, *5 (E.D.N.Y. 1996) (acknowledging plaintiff's failure to provide prior notice of non-party subpoena, but finding preclusion was unnecessary because defendants learned of subpoena in time to object). On this record, I find that Chase's actions were not undertaken in bad faith and that the imposition of sanctions is not warranted.

In addition, because I find that the documents sought by Chase through the non-party subpoena – at least insofar as they relate to Davis's prior employment with Chase – are relevant to this action, I grant Chase's cross-motion to compel the production of those documents. I further find, however, that Chase has not demonstrated the probable relevance of the requested documents relating to Davis's other prior employment.[5] Accordingly, Chase is directed to prepare a modified subpoena, which it shall provide to counsel for Davis prior to service upon First Rochester Mortgage.

---

[5] According to Chase, it offered to limit the scope of the subpoena to exclude these documents. Plaintiff's counsel did not agree to the proposed modification. (Docket # 77 at 5).

Finally, I reject Davis's suggestion that First Rochester Mortgage be directed to produce the documents to plaintiff's counsel to hold until the pending summary judgment motion relating to test plaintiff Whalen is decided. Because Whalen and Davis both worked as underwriters at Chase, any representations or descriptions that Davis (who is a named plaintiff) made about his job duties are relevant to the pending summary judgment motion and should be disclosed to Chase at this time.

## CONCLUSION

For the foregoing reasons, it is the Decision and Order of this Court that plaintiffs' motion to quash the non-party subpoena served upon First Rochester Mortgage and for sanctions **(Docket # 63)** is **DENIED**. It is the further Decision and Order of this Court that defendant's cross-motion to compel the production of documents responsive to the non-party subpoena **(Docket # 76)** is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       January  16 , 2007