UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. DAVIS, ELENA LOMBARDO, CAROL SMITH, ANDREW WHALEN *and all others similarly situated,*<br><br>          *Plaintiffs*,<br><br>    *versus*<br><br>JPMORGAN CHASE & CO.,<br>JPMORGAN CHASE BANK,<br>CHASE MANHATTAN MORTGAGE CORPORATION,<br><br>          *Defendants*. | Civil Action No.<br>01-CV-6492L |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR EXPEDITED NOTICE TO AFFECTED EMPLOYEES**

                                THOMAS & SOLOMON LLP
                                *Attorneys for Plaintiffs*
                                693 East Avenue
                                Rochester, NY 14607
                                (585) 272-0540

Of Counsel: J. Nelson Thomas

## FACTUAL BACKGROUND

Plaintiffs seek to have their motion for notice to affected employees heard on an expedited basis.

The statute of limitations for employees' Fair Labor Standards Act claims is expiring daily. Until notice is sent to affected employees, such employees are unaware that they need to protect their rights.

Therefore, expedited notice to the injured employees is crucial so they can choose whether to protect their rights in this lawsuit.

## ARGUMENT

**I.    A Plaintiff's Claims "Die Daily" Until He Or She Opts Into The Action.**

Time is of the essence in FLSA cases. As then-District Judge Sotomayor recognized, expedited notice is essential because an injured employee's claims under the FLSA "die daily" until she opts into the action. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Unlike Federal Rule of Civil Procedure ("Rule") 23, which automatically deems all putative plaintiffs to be parties to the action, hence tolling the statute of limitations, the FLSA has its own "collective action" procedure. Under the FLSA's procedures, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Therefore, until a party affirmatively joins the action in writing, the statute of limitations continues to run. *Hoffman*, 982 F. Supp. at 260 ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgment (and to benefit from it). Moreover, only by 'opting in' will the statute of limitations on potential

plaintiffs' claims be tolled.") (Sotomayor, J.); *King v. Carey*, 405 F. Supp. 41, 44 (W.D.N.Y. 1975) ("the statute of limitations continues to run for those employees who have not given their consent to being plaintiffs in a [FLSA] suit"). Once a plaintiff opts in, her recovery will run back only two[1] years (plus any applicable tolling) from the date of the opt-in, not two years back from the commencement of the original suit. *Id.* Therefore, a plaintiff's lack of knowledge about an FLSA action is doubly damaging: first, if unaware of the suit, she cannot opt in to protect her interests in the litigation, and second, the longer the employee waits to join, the more recovery she loses.

Thus, expedited notice is vitally important. Literally every day matters. Even once a hearing is scheduled, the time to get notice in employees' hands will take weeks: the parties must gather the information for notices; arrange for notices to be sent out; respond to employees' questions; track down bad addresses; and allow employees to return their opt-in forms. Therefore, it is important to the putative plaintiffs that Plaintiffs' Motion to Expedite Consideration of Plaintiffs' Motion For Expedited Notice To Affected Employees be heard as soon as practicable to allow the process to move forward as rapidly as possible.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court hold an expedited hearing on Plaintiffs' Motion for Expedited Notice to Affected Employees as soon as possible so that the claims of injured employees do not continue to "die daily."

---

[1] Or three years if the violation is found to be willful and without consideration of any grounds on which the statute of limitations may be extended.

Dated: April 8, 2010

               **THOMAS & SOLOMON LLP**

           By: s/ J. Nelson Thomas
              J. Nelson Thomas, Esq.
              *Attorneys for Plaintiffs*
              693 East Avenue
              Rochester, New York 14607
              Telephone: (585) 272-0540
              nthomas@theemploymentattorneys.com