Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
MICHAEL J. DAVIS, ELENA LOMBARDO,  )
CAROL SMITH, ANDREW WHALEN         )
*and all others similarly situated*,  )
                                    )
                    Plaintiffs,     )
                                    )
v.                                  )   Case Number 01 CV 6492L(B)
                                    )
JPMORGAN CHASE & CO.,               )
JPMORGAN CHASE BANK,                )
CHASE MANHATTAN MORTGAGE            )
CORPORATION,                        )
                                    )
                    Defendants.     )
------------------------------------------------------------X

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFFS'
MOTION FOR AN EXPEDITED HEARING ON PLAINTIFFS'
MOTION FOR EXPEDITED NOTICE AND MEMORANDUM IN
SUPPORT OF CROSS-MOTION FOR ENLARGEMENT OF
<u>TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED NOTICE</u>**

## INTRODUCTION

Plaintiffs seek a Court Order requiring an expedited briefing schedule and hearing for their Motion For Expedited Notice To Affected Employees under the Fair Labor Standards Act ("FLSA") ("Notice Motion").  Plaintiffs filed their Notice Motion more than ***four months*** after the Second Circuit reversed a grant of summary judgment in favor of Defendant JPMorgan Chase Bank, N.A. ("JPMC Bank").  Having now had more than four months to assemble their arguments and evidence for their Notice Motion, Plaintiffs now seek to gain a tactical advantage by limiting Defendants to just seven days to respond to a motion that seeks to send class notice to what Plaintiffs say is more than 2,000 individuals.  What's more, Plaintiffs seek to impose this burden on a Defendant – Chase Manhattan Mortgage Corporation – that was named for the first time only yesterday and has not even been served with the Complaint.  As Courts both within and outside this Circuit have recognized, "the analysis of who is a similarly situated employee may be a complicated issue" and "[f]airness dictates that, given the multitude of specific facts and issues, Defendants receive additional time in which to oppose [Plaintiffs' motion for conditional certification and notice]."  <u>Amendola v. Bristol-Myers Squibb Co.</u>, 558 F.Supp.2d 459, 480 (S.D.N.Y. 2008); <u>Trinh v. JPMorgan Chase & Co., et al.</u>, Case No. 07-CV-1666 W (WMC), slip op. at 3-4 (S.D.Cal. Jan. 31, 2008).  This is particularly true in this case where JPMC Bank has accommodated Plaintiffs and their counsel by consenting to extension after extension.  Indeed, JPMC Bank consented to three, separate extension requests made by Plaintiffs to file their opposition to JPMC Bank's summary judgment, giving Plaintiffs a total of ***147 days*** to respond.  The Court should decide a motion as important as class notice based on a full record, and Plaintiffs should not be permitted more than four months to formulate their arguments and then turn around and limit Defendants to just seven days.  Defendants respectfully request that they be given 60 days to analyze and research Plaintiffs' arguments, assemble their

2

arguments and evidence, and respond to Plaintiffs' Notice Motion.

## FACTUAL BACKGROUND

On October 4, 2001, Davis, a former Home Equity Underwriter in Rochester, New York, filed his Complaint claiming that JPMorgan Chase & Co. failed to pay him and similarly situated employees overtime as required by the FLSA and the New York Labor Law. (See Complaint, ¶ 13, Dkt. 1). Approximately one month later, Plaintiffs Lombardo, Smith, and Whalen – who were Home Equity underwriters or underwriter supervisors in JPMC Bank's Rochester, New York office – filed notices of consent to become party plaintiffs. (See Lombardo, Smith and Whalen Notices, Dkt. 3, 5, 6). On December 24, 2002, Plaintiffs filed an Amended Complaint asserting only an individual FLSA claim by Whalen against JPMC Bank. (See Amended Complaint, ¶ 18, Dkt. 33). On August 6, 2008, the Court granted JPMC Bank's Motion for Summary Judgment, thereby dismissing this action with prejudice. (See 8/6/08 Order, Dkt. 114). On November 20, 2009, the Second Circuit reversed the grant of summary judgment in favor of JPMC Bank. (See Mandate of USCA, Dkt. 135). On March 22, 2010, JPMC Bank filed a Petition for Certiorari with the U.S. Supreme Court. (See Dkt. Case No. 09-1160 (U.S.)). Answering papers and amicus briefs are due on April 26, 2010.

More than four months after the Second Circuit reversed the grant of summary judgment against Whalen, Whalen and the remaining Plaintiffs filed a Fourth Amended Complaint on April 8, 2010, asserting claims on behalf of themselves and all "other employees of J.P. Morgan Chase & Co., JP Morgan Chase Bank and Chase Manhattan Mortgage Corporation" under the FLSA and the New York Labor Law. (Pl. 4th Am. Compl., ¶ 1, Dkt. 136). That same day, Plaintiffs filed their Notice Motion and Motion for Expedited Hearing on their Notice Motion ("Hearing Motion"). (See Dkt. 138, 143). For purposes of their Notice Motion, Plaintiffs define their potential class "as all current and form [sic] employees whose primary job duty related to

3

approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guides and approving loans if they meet standards and who were classified as exempt by defendants." (See Dkt. 138). Plaintiffs seek to send notice to this ill-defined and amorphous class regardless of what company these employees worked for, regardless of what part of the organization they worked in, regardless of what particular job duties they performed, regardless of how those particular job duties related to the business they worked for, regardless of who supervised them, regardless of whether they were supervisors themselves, regardless of how much money they made, and regardless of the decisions they were entrusted to make.

Immediately after receiving Plaintiffs' Fourth Amended Complaint, Notice Motion, and Hearing Motion, JPMC Bank's undersigned counsel sought Plaintiffs' consent for 60 days to respond to the Notice Motion. (Affidavit of Sam S. Shaulson, ¶ 5). Plaintiffs refused to consent to any extension, even if Defendants agreed to toll the statute of limitations period for the 60-day extension period. (Id.) Such a refusal is flatly inconsistent with JPMC Bank's practice throughout this litigation of consenting to extension request after extension request made by Plaintiffs, providing Plaintiffs with additional time to conduct discovery and to respond to JPMC Bank's filings. By way of example only, JPMC Bank consented on four separate occasions to extend the fact discovery deadline in this case resulting in more than two years of additional time. (See 3/31/04 Scheduling Order, 7/21/04, 1/25/05 and 5/19/05 Orders, and 4/7/06 Amended Scheduling Order, Dkt. 44, 45, 46, 56, 62). More significantly, JPMC Bank consented to three, separate extension requests made by Plaintiffs to file their opposition to JPMC Bank's Motion for Summary Judgment. (See 10/25/06, 11/22/06 and 2/16/07 Orders, Dkt. 96, 97, 103). In doing so, JPMC Bank agreed to allow Plaintiffs more than 113 additional days – and more than

147 days in total – to respond to JPMC Bank's motion to dismiss the claims of a single Plaintiff – Whalen.  (See id.).  Now, after taking more than four months to file their Notice Motion, Plaintiffs seek to limit Defendants, including a newly named defendant, to just seven days to respond to a Notice Motion that Plaintiffs claim impacts more than 2,000 current and former employees.  (Pl. 4th Am. Compl., ¶ 8, Dkt. 136).

## ARGUMENT

I. **PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING SHOULD BE DENIED, AND DEFENDANTS SHOULD BE PERMITTED 60 DAYS TO RESPOND TO PLAINTIFFS' NOTICE MOTION.**

As the Supreme Court has explained, the touchstone for court-authorized notice is judicial efficiency.  See Hoffman-La Roche v. Sperling, 493 U.S. 165, 170 (1989) (observing that the purpose of allowing plaintiffs to proceed collectively is to provide the judicial system the benefit of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [conduct]").  Therefore, Courts should not exercise their discretion to authorize notice unless "[t]he facts and the circumstances of the case illustrate" that a class of "similarly situated" aggrieved employees exists.  Id. 493 U.S. at 170.  Otherwise, "it is doubtful that § 216(b) [of the FLSA] would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse."  Holt v. Rite Aid Corp., 333 F.Supp.2d 1265, 1270 (M.D. Ala. 2004).  The "relevant inquiry ... is not whether the court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise that discretion." Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citing Hoffmann v. Sbarro, 982 F.Supp. 249, 261 (S.D.N.Y. 1997)); see also Amendola, 558 F.Supp.2d at 480 ("The analysis of who is a similarly situated employee may be complicated and a plaintiff's request for notice may be overbroad.  Requiring the scope of notice to be dictated by the formulation in a complaint may lead to excessive litigation costs that grossly outweigh the benefits that can be

5

justly achieved through litigation."); Freeman v. Wal-Mart Stores, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) ("It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated."); West v. Verizon Communications, Inc., 8:08-cv-1325 (M.D. Fl. Sep. 10, 2009) (Order, Dkt. 17) ("[C]lass certification issues cannot be decided in a vacuum…It is entirely appropriate for the Court to be cognizant of the factual and legal issues presented by the case when determining whether this case be appropriately treated as a collective action.").

To make a determination on a motion for class notice, the Court should have a complete and accurate record, which can only be accomplished if Defendants are provided adequate time to respond to Plaintiffs' Notice Motion.  Indeed, courts routinely allow defendants time in addition to that provided by the general rules for motions to respond to class and conditional certification motions.  See, e.g., Trinh, No. 07-CV-1666-W-EMC, slip op. at 3-4 (granting extension to respond to FLSA notice motion because "[f]airness dictates that, given the multitude of specific facts and issues, Defendants receive additional time in which to oppose"); Cranney v. Carriage Servs., Inc., No. 2:07-cv-01587-RLH-PAL, 2008 WL 820140, at *2 (D. Nev. Mar. 20, 2008) (court had previously provided defendant with a 45-day extension to respond to certification notice); Colindres v. QuietFlex Mfg., 427 F.Supp.2d 737, 740 (S.D.Tex. 2006) (granting defendants an extension of time to plaintiffs' certification motion); Collins v. B/E Aerospace, Inc., Civ. Action No. 09-2451-CM, 2010 WL 118334 (D.Kan. Jan. 5, 2010) (granting defendant's motion for an extension of time to respond to plaintiff's motion for conditional collective certification and class certification).  In Trinh, for example, the district court granted the additional time, in part, because it found the conditional certification determination to be "in

many cases, a determinative motion" on the certification issue, thus making it important to allow Defendants time to compile the necessary information in their defense. Id. at 4. The Trinh court also noted that the requested extension was reasonable because, in the event certification was granted, "the twenty-eight days Defendants request is likely to be dwarfed by the time required to compile class information, provide notice to members, and wait for their response." Id.

As in the cases cited above, Defendants – including the Chase Manhattan Mortgage Corporation, which has just been named, has not even been served and, as a result, has not even investigated the Complaint or answered – should be permitted adequate time to assemble their arguments and evidence so that Plaintiffs' Notice Motion is decided based on the merits of the parties' positions and not based on who had more time to prepare their papers. This not only protects Defendants' rights to potentially avoid the adverse publicity and significant litigation costs associated with an unwarranted class notice, but it also allows the Court to make a fully-informed decision before inviting thousands of new litigants to join this action. Basco v. Wal-Mart Stores, Inc., No. Civ.A 00-3184, 2004 WL 1497709 at *5 (E.D.La. Jul. 2, 2004) ("To create a collective action class, including the cost associated with that when a Court is convinced that there is insufficient support for same prior to its certification would be an exercise in futility and wasted resources for all parties involved.").

Aside from the general premise that defendants should be afforded a reasonable opportunity to oppose class notice, Plaintiffs should not be afforded an unfair tactical advantage in this litigation. As explained above, JPMC Bank has provided Plaintiffs and their counsel every accommodation in this case, including extending the discovery deadline on no less than four occasions and allowing Plaintiffs a total of 147 days to oppose JPMC Bank's summary judgment motion to dismiss the claims of a single plaintiff. Having been afforded a full

7

opportunity to engage in discovery and to respond to JPMC Bank's motion, Plaintiffs should not be permitted to deprive Defendants of a full opportunity to respond to their Notice Motion.  This is particularly so when Plaintiffs have taken advantage of more than four full months to prepare their own motion papers in connection with their Notice Motion.

As for Plaintiffs' claim that the statute of limitations is running on the claims of purported collective action members, they should not be permitted to seek a tactical advantage under the guise of protecting the statute of limitations – particularly where Defendant offered to toll the statute of limitations for the period of the extension.  Courts have repeatedly recognized in FLSA collective action cases that it takes some time for parties to brief motions and for courts to decide motions.  See, e.g., Hintergerber v. Catholic Health Sys., No. 08-CV-380S, 2009 WL 3464134 at *15, (W.D.N.Y. Oct. 21, 2009) (finding that "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for [statute of limitations] tolling purposes").  Nevertheless, the courts have held that these ordinary litigation circumstances do not prevent setting reasonable briefing schedules and do not warrant the extraordinary and drastic remedy of tolling the potential collective action members' statute of limitations.  See id.; Cranney, 2008 WL 820140, at *2 (rejecting plaintiff's demand for tolling based on a 45-day extension of time for defendant to respond to certification notice); Woodard v. FedEx Freight East, Inc., No. 3-CV-06-1968, 2008 WL 471552, at *16 (M.D. Pa. Feb. 19, 2008) (denying tolling because filing of motions, and purported delays in certification process, did not show wrongdoing necessary for tolling); see also Henry v. Quicken Loans, Inc., No. 04-40346, 2006 WL 2811291, at *6 (E.D. Mich. Sept. 28, 2006) (denying tolling).  In Hintergerber, for example, Judge Skretny denied a similar motion for an expedited hearing on plaintiffs' notice motion in

another case brought by the same Plaintiffs' counsel here and denied any tolling. 2009 WL 3464134 at *14-15. In addition to denying the motion for an expedited hearing, the docket in that case reflects that defendant had 70 days to respond to Plaintiffs' motion for notice. (See Hintergerber, No. 08-CV-380S, Dkt. 7, 111).

As in the above cases, and given the breadth of Plaintiffs' proposed notice which is in no way limited by employing company, division, department, job title, supervisor, compensation level, or particular job duties, Defendants respectfully urge the Court to afford them 60 days to respond to Plaintiffs' Notice Motion without tolling the statute of limitations for the 60-day period.[1] Indeed, the Second Circuit has expressly held that such tolling is an extraordinary and drastic remedy, a remedy that clearly is not warranted as a result of reasonable motion briefing schedules. See Zerilli-Edelglass v. New York City Trans. Auth., 333 F.3d 74 (2d Cir. 2003) ("Equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights."). If, however, the Court nonetheless believes that tolling is necessary for Defendants to obtain this 60-day extension, then Defendants are willing to do so. Of course, given the case law set forth herein, Defendants respectfully urge that no such tolling is warranted.

---

[1] Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A): "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or extension expires." Here, Plaintiffs' Notice Motion was filed on April 8, 2010 and the return date has yet to be set, though Plaintiffs have requested an expedited hearing. Pursuant to Local Civil Rule 7.1(c), the opposition to the motion is to be filed no later than eight business days prior to the return date. Therefore, Defendants' time to respond has not yet expired and the Court may properly exercise its broad discretion in extending the time for Defendants to file their opposition papers.

9

## II. CONCLUSION

Given the scope of the proposed class, it is essential that Defendants be granted an enlargement of time to marshal arguments and evidence to properly address the numerous deficiencies and inaccuracies in Plaintiffs' Notice Motion and to provide the Court with the necessary information to determine whether to grant certification of any collective action. Therefore, Defendants respectfully request that the Court deny Plaintiffs' Hearing Motion, grant Defendant JPMorgan Chase Bank N.A.'s Cross-Motion for a 60-day period of time to oppose Plaintiffs' Notice Motion, and sign the attached proposed order.

Dated: New York, New York        MORGAN, LEWIS & BOCKIUS LLP
      April 9, 2010

By:  s / Carrie A. Gonell
      Samuel S. Shaulson
      Carrie A. Gonell

101 Park Avenue
New York, New York  10178
(212) 309-6000
(212) 309-6273

*Attorneys for Defendant*
JPMorgan Chase Bank, N.A.