UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. DAVIS, ELENA LOMBARDO, CAROL SMITH, ANDREW WHALEN, and all others similarly situated,<br><br>           *Plaintiffs*,<br><br>      *versus*<br><br>JPMORGAN CHASE & CO.,<br>JPMORGAN CHASE BANK,<br>CHASE MANHATTAN MORTGAGE CORPORATION,<br><br>           *Defendants*. | Civil Action No.<br>01-CV-6492L |

**PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR AN EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR EXPEDITED NOTICE TO AFFECTED EMPLOYEES AND IN OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED NOTICE**

                       **THOMAS & SOLOMON LLP**
                        *Attorneys for Plaintiffs*
                        693 East Avenue
                        Rochester, NY 14607
                        (585) 272-0540

Of Counsel: J. Nelson Thomas
        Michael J. Lingle

## PRELIMINARY STATEMENT

Defendants' motion to delay their response to plaintiffs' motion for expedited notice to affected employees by sixty days simply boils down to their claim that they need additional time to "assemble their arguments and evidence." *See* Docket No. 146-2 at 7.

Defendants ignore, however, the straightforward basis of plaintiffs' motion. In particular, plaintiffs moved for conditional certification on the basis that all class members share a common legal question, that is, whether they are exempt administrative employees, which has already been answered by the Second Circuit in plaintiffs' favor. Thus, all class members share a common legal claim for overtime compensation, and defendants have very little to "assemble" in order to respond to plaintiffs' motion.

Further, given the lengthy history of this case and the extensive briefing submitted by both sides both before this Court and the Second Circuit, defendants' feigned ignorance of the facts in this case simply lacks any credibility. Therefore, plaintiffs respectfully request that their motion for an expedited hearing on their motion for conditional certification be granted and defendants' motion to delay be denied.

## ARGUMENT

### I. There is No Dispute that Delay Prejudices Plaintiffs.

Defendants do not dispute that plaintiffs' claims in this case "die daily" until they opt-in to the case. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Still, defendants insist that plaintiffs' rights should be prejudiced to allow defendants sixty days – while they also extinguish sixty days of liability – to respond to plaintiffs' motion. Such time, they claim, is necessary to "assemble their arguments and evidence." *See* Docket No. 146-2 at 7. However, in light of plaintiffs' motion and the history of this case, defendants' motion

should be denied and instead an expedited briefing schedule is appropriate.

As explained in plaintiffs' motion for conditional certification, the parties litigated the claims of one of the opt-in plaintiffs, Andrew Whalen, to resolve the legal issue of whether class members jobs' were administratively exempt under the FLSA. Ultimately, the Second Circuit ruled in plaintiffs' favor, holding that the employees are not administrative employees and thus are entitled to overtime under the FLSA. *See Davis v. J.P. Morgan Chase Bank*, 587 F.3d 529, 535 (2d Cir. 2009). On this basis, plaintiffs moved for conditional certification – all plaintiffs are similarly situated because they share a common legal claim for overtime given the Court's ruling on their common legal question.

As a result, given the Second Circuit's ruling in this case, the central issue before the Court on certification, *i.e.*, whether employees are similarly situated, could not be more straightforward. Likewise, plaintiffs' support for their motion is extremely streamlined, relying heavily on the Second Circuit's decision in this case. Defendants are not faced with pages and pages of factual background and evidence they have never seen before, consuming days to investigate and analyze.[1] Nor have defendants just found out about the case and the claims, requiring time to sort things out.[2] Instead, they merely have to respond to plaintiffs'

---

[1] Even under such circumstances, an extension would be inappropriate given the prejudice it would cause employees. Certainly, then, in this case without such circumstances, no extension should be considered. Moreover, defendants have even had the benefit of reviewing the bulk of plaintiffs' legal arguments in support of the motion for conditional certification previously, given a substantially similar motion was initially filed back in March 2002. *See* Docket No. 14. Thus, defendants have had more than eight years to prepare their response to this motion.

[2] Defendants also disingenuously claim that Chase Manhattan Mortgage Corporation ("CMMC") has "not even investigated" the complaint. That would be surprising given that the parties specifically contemplated that CMMC would be added as a defendant once the First (now Fourth) Amended Complaint was re-filed according to a stipulation entered into by the parties in December 2002. *See* Docket No. 31, ¶ 11. Further, it is difficult to imagine any unique arguments to be presented by CMMC that Chase will not assert on behalf of all defendants.

simple and direct argument premised on the Second Circuit's ruling which has years of litigation behind it. Indeed the parties have been litigating this case for 8½ years – it would be surprising if defendants were still struggling to grasp the facts.

While they speak of assembling arguments and facts, the actual motivating factor behind defendants' request is delay.[3] Delay benefits defendants because it wipes out liability on a daily basis – each and every day that passes before notice goes out reduces defendants' liability in this case. They have every incentive to delay plaintiffs' motion and getting notice into the hands of employees so that those employees can decide whether they want to opt-in and stop the statute of limitations from running on their claims. To prevent this prejudice from occurring, plaintiffs' motion for conditional certification should be heard on an expedited basis as requested by plaintiffs.[4]

## CONCLUSION

For the foregoing reasons and those set forth in their moving papers, plaintiffs respectfully request that this Court hold an expedited hearing on Plaintiffs' Motion for Expedited Notice to Affected Employees as soon as possible so that the claims of injured

---

[3] Defendants suggest that the four month time period that has elapsed since the Second Circuit's decision is in some way significant. To the extent that it matters, the time that has elapsed has provided defendants with more than enough time to prepare their arguments in anticipation of plaintiffs' motion.

[4] Although plaintiffs do not believe any extension is appropriate given the history of this case and the prejudice to employees, in the event the Court allows additional time for defendants to respond, the Court should require a toll of the statute of limitations, as is often imposed by courts in FLSA cases. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989); *Asp v. Milardo Photography, Inc.*, 573 F.Supp.2d 677, 697-98 (D. Conn. 2008); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198-200 (S.D.N.Y. 2006); *Reich v. S. New England Telecoms. Corp.*, 892 F.Supp. 389, 404 (D. Conn. 1995) *aff'd* 121 F.3d 58 (2d Cir. 1997); *Chan v. Wells Fargo Fin.*, No. 08-0822-CV-W-DW, Docket No. 29 (W.D Mo. Apr. 10, 2009) (order granting equitable tolling during the pendency of motion for conditional certification).

employees do not continue to "die daily" and deny defendants' request to delay consideration of the motion.

Dated: April 13, 2010

          **THOMAS & SOLOMON LLP**

By:   s/ Michael J. Lingle
      J. Nelson Thomas, Esq.
      Michael J. Lingle, Esq.
       *Attorneys for Plaintiffs*
      693 East Avenue
      Rochester, New York 14607
      Telephone: (585) 272-0540
      nthomas@theemploymentattorneys.com
      mlingle@theemploymentattorneys.com