UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. DAVIS, et al.,
*and all others similarly situated,*

                                                *Plaintiffs*,

                                                *versus*

JPMORGAN CHASE & CO., JP MORGAN CHASE
BANK and CHASE MANHATTAN MORTGAGE
CORPORATION,

                                               *Defendants.*

**FIFTH AMENDED COMPLAINT**

**Civil Action No.
01-CV-6492L**

**CLASS ACTION**

## NATURE OF CLAIM

1.    This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs and all other employees of J.P. Morgan Chase & Co., JP Morgan Chase Bank and Chase Manhattan Mortgage Corporation (collectively, "Chase"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and the various state laws where defendants employ similarly situated employees.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under 29 U.S.C. § 216(b) conferring jurisdiction

of any civil action arising under the FLSA; and under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. This Court's pendent jurisdiction for claims arising under state law is also invoked.

4. Venue is appropriate in the Western District of New York since the allegations arose in this district and certain plaintiffs reside in this district.

## CLASS ACTION ALLEGATIONS

5. The state law claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6. The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7. The class is defined as all current and former employees whose primary job duty related to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guides and approving loans if they meet standards and who were classified as exempt by defendants.

8. The class size is believed to be over 2,000 employees.

9. The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

10. There are no known conflicts of interest between the named plaintiffs and the other class members.

11. The class counsel, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

12. Class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13. Common questions of law and fact predominate in this action because the claims of all class members are based, for example, on whether Chase's policy of not paying statutory overtime to employees who perform underwriting functions for hours worked in excess of forty per week violates state law.

14. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

*A.  Defendants*

15. Defendant JPMorgan Chase & Co. is a Delaware corporation.

16. Defendant JPMorgan Chase & Co. is a retailer engaged in the sale of goods crossing interstate lines.

17. Defendant JPMorgan Chase & Co. employed 50 or more people during the relevant time of this lawsuit.

18. Defendant JPMorgan Chase & Co. is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

19. Defendant JP Morgan Chase Bank is a national association engaged in the sale of

goods crossing interstate lines.

20.     Defendant JPMorgan Chase Bank employed 50 or more people during the relevant time of this lawsuit.

21.     Defendant JPMorgan Chase Bank is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

22.     Defendant Chase Manhattan Mortgage Corporation is a New Jersey corporation.

23.     Defendant Chase Manhattan Mortgage Corporation is a retailer engaged in the sale of goods crossing interstate lines.

24.     Defendant Chase Manhattan Mortgage Corporation employed 50 or more people during the relevant time of this lawsuit.

25.     Defendant Chase Manhattan Mortgage Corporation is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

26.     The defendants are the plaintiffs' employers, joint employers and/or single employer and may also be alter egos and/or successors.

   **B.     *Plaintiffs and Class Members***

27.     Named plaintiffs Michael Davis, Elena Lombardo, Carol Smith and Andrew Whalen are or were employees of defendants under the relevant statutes at all relevant times.

28.     The Class Members are those employees of defendants, as defined above, who were suffered or permitted to work by defendants and not paid their statutorily required rate of pay for all hours worked.

## FACTUAL BACKGROUND

29. Named plaintiffs, and employees similarly situated to named plaintiffs, frequently worked more than 40 hours in a week and were not compensated at a rate of one-and-a-half times their hourly rate as required by the FLSA and state law.

30. Chase is in the business of extending credit to customers.

31. The product Chase produces for its customers are loans.

32. Underwriting job functions are integral to Chase's production of these products.

33. Defendants' policy is to not pay statutory overtime to employees who perform the job functions set forth above.

34. This policy of not paying statutory overtime to employees who perform underwriting functions exists in all Chase facilities everywhere in the country.

35. It is a nationwide policy.

36. Chase's policy of not paying statutory overtime to employees who perform underwriting job functions is long-standing and, upon information and belief, has been in effect for at least six years.

37. This failure to pay overtime as required by the FLSA and state law was willful.

38. Defendants have failed to maintain adequate and required records on the hours worked by the plaintiffs as required by the FLSA and state law.

39. Further, defendants failed to pay employees minimum wages for hours worked, failed to timely pay wages and did not properly provide meal and rest breaks. Employees were also entitled to waiting time and other penalties.

40. Defendants have failed to pay plaintiffs' wages as required by state laws.

## FIRST CAUSE OF ACTION
*FLSA*

41. Plaintiffs reallege the above paragraphs as if fully restated herein.

42. Defendants violated their obligations under the FLSA and are liable to named plaintiffs and those plaintiffs similarly situated.

## SECOND CAUSE OF ACTION
*State Laws – Failure to Pay Overtime*

43. Plaintiffs reallege the above paragraphs as if fully restated herein.

44. Defendants violated their obligations under the laws of the various states where defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly situated for their failure to pay overtime as required by state laws.

## THIRD CAUSE OF ACTION
*State Laws – Delay in Payments to the State Law Class*

45. Plaintiffs reallege the above paragraphs as if fully restated herein.

46. Defendants violated their obligations under the laws of the various states where defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly situated for their delay in making payments pursuant to state laws.

## FOURTH CAUSE OF ACTION
*State Laws – Failure to Provide or Compensate for Rest and Meal Breaks*

47. Plaintiffs reallege the above paragraphs as if fully restated herein.

48. Defendants violated their obligations under the laws of the various states where defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly

situated for their failure to provide or compensate for rest and meal breaks under state laws.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations; and

b) an award to plaintiffs of the value of the hours and wages which were not properly compensated under the FLSA and state law; and

c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

d) an award of liquidated damages and penalties, including any penalties under the California Private Attorney General Act; and

e) an award to plaintiffs of the actual losses sustained by plaintiffs as a direct result of the violation; and

f) an award of consequential damages to plaintiffs as a result of the acts and practices of defendants; and

g) an award of compensatory damages in an amount determined by the jury to be able to reasonably compensate plaintiffs; and

h) an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights; and

i) an award to plaintiffs of the value of the unpaid back wages due defendants' employees; and

j) an award of pre and post judgment interest; and

k) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: February 11, 2011

                                          **THOMAS & SOLOMON LLP**

                      By:    s/ J. Nelson Thomas
                              J. Nelson Thomas, Esq.
                              *Attorneys for Plaintiffs*
                              693 East Avenue
                              Rochester, New York 14607
                              Telephone:  (585) 272-0540
                              nthomas@theemploymentattorneys.com