UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| |
|---|
| MICHAEL DAVIS, et al.,<br>*on behalf of themselves and all others*<br>*similarly situated*<br><br>*Plaintiffs,*<br><br>v.<br><br>JPMORGAN CHASE & CO., JPMORGAN<br>CHASE BANK, and CHASE MANHATTAN<br>MORTGAGE CORPORATION,<br><br>*Defendants.* |

Civil Action No.
01-CV-6492L

MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT

## PRELIMINARY STATEMENT

Through this joint motion, the parties seek preliminary approval of their settlement to this action.  In particular, the parties respectfully move this Court for:

1. Preliminary approval of the Joint Stipulation and Settlement Agreement (the "Agreement");

2. Preliminary certification of a Fed.R.Civ.P. 23 settlement class as to the state law claims and preliminary conditional certification of a Section 216(b) collective action class as to the federal claims;

3. Appointment of Michael Davis, Elena Lombardo, Carol Smith and Andrew Whalen as the class representatives;

4. Appointment of Thomas & Solomon LLP as class counsel;

5. Approval of the parties' Notice Regarding Pendency of Class and Collective Action;

6. The establishment of dates for a Fairness Hearing and for related events.

There is no question that this settlement represents a fair, reasonable and adequate resolution of this case.  Both sides in this case are represented by experienced and able counsel, and the settlement, totaling $42,000,000, is the product of years of litigation, including an appeal to the Court of Appeals for the Second Circuit and a petition for a writ of certiorari to the Supreme Court of the United States.  The parties reached their settlement following extended, arms-length negotiations spanning many years, including a two-day mediation session before a nationally respected mediator, and it is a fair, reasonable, and adequate resolution of all claims in this matter.  Moreover, the proposed class meets all the requirements of Fed.R.Civ.P. 23(a) and (b)(3), which is applicable to settlement classes.  The parties' proposed Notice Materials will provide Class Members with the best notice practical

under the circumstances and allow for a full and fair opportunity to consider the settlement. As such, this Court should grant the parties' motion in its entirety.

<div align="center">

**FACTUAL BACKGROUND**
</div>

*Plaintiffs' Claims*

Plaintiffs originally filed this action on or about October 4, 2001.  Plaintiffs allege that defendants misclassified them as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and state law, and as a result, plaintiffs were not paid overtime at time and one-half their regular rate of pay when they worked more than forty hours per week.  In particular, plaintiffs claim that they performed job duties relating to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guidelines and approving loans if they meet standards, and that these duties do not render them exempt from the overtime requirements under the FLSA and state law.  Plaintiffs therefore seek overtime compensation, liquidated damages, interest, penalties and all other relief provided for under the law.

Plaintiffs are represented by J. Nelson Thomas and Michael J. Lingle, of Thomas & Solomon LLP ("Class Counsel").  Class Counsel has extensive experience in prosecuting and litigating wage-and-hour actions such as this.  Further, Class Counsel has the resources to effectively prosecute large-scale wage actions.

*Procedural History*

Early on in the case, the parties agreed to litigate the class and collective action allegations through a test plaintiff.  Proceeding on that basis, the parties moved forward with Mr. Whalen's claims and began discovery.

Over the next three and a half years, the parties engaged in extensive and arduous discovery, including the production of tens of thousands of pages of documents and a number of depositions, culminating in the parties filing cross-motions for summary judgment. Both parties focused their motions on the administrative exemption under the FLSA. This Court granted defendants' motion for summary judgment and correspondingly denied plaintiffs' motion. Judgment was entered in defendants' favor.

Plaintiffs filed an appeal with the Second Circuit. After briefing and oral argument, the Second Circuit reversed the decision below. *See Whalen v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009). Chase's petition for rehearing was denied by the Second Circuit and a Mandate was issued on February 1, 2010. *See* No. 08-cv-0492 (2d Cir.), Docket Entries of 1/22/10 and 2/1/10. Chase's petition for a writ of certiorari was denied by the Supreme Court in May 2010. *See* No. 09-1160 (U.S.), Docket Entry of May 3, 2010; *see also* No. 08-cv-0492 (2d. Cir.), Docket Entries of 5/7/10.

Plaintiffs reinstituted their class and collective action through a fourth amended complaint and, based upon the Second Circuit's decision, simultaneously moved for conditional certification and expedited notice to affected employees pursuant to Section 216(b) of the FLSA. *See* Docket Nos. 136-145. This Court then ordered that the parties engage in mediation to see if the claims could be resolved. *See* Docket No. 157. The parties engaged Michael Dickstein, a private mediator with extensive wage and hour class action experience, to assist them with their negotiations, and during the course of an in-person, two-day mediation, the parties reached a settlement.

*The Settlement*

Following good faith, arms-length negotiations, the parties reached a resolution to this matter, providing what is, in Class Counsel's opinion, substantial recovery to the class members. Indeed, defendants have agreed to pay $42,000,000 in settlement of the plaintiffs' claims. As a result, each class member individually is expected to receive a considerable sum for their claims in this case.

This settlement covers employees who worked as (i) non-supervisory underwriters, credit analysts and/or other positions whose main job responsibilities are or were to evaluate creditworthiness of persons for individual loans or lines of credit and/or to decide whether defendants should issue individual loans or lines of credit to persons, and (ii) which existed at JP Morgan Chase in the United States at any time during the class period, and (iii) which is or was treated as exempt from overtime at any time during the class period. For purposes of implementing the settlement only, the parties have agreed to the certification of a collective action under the FLSA and to a class action under state law.

Each participating class member will receive a pro rata share of the settlement based on their length of service in a position covered by the settlement, except that eligible employees in California will receive an allocation of four times the allocation of other employees for each month of service in a position covered by the settlement, in recognition of the greater protections provided by California law to employees in that state and consistent with settlements in other cases which include participants from California. In exchange for the payments to be made pursuant to the settlement, class members will release certain claims they may have against the defendants.

The Agreement also provides that notice of the settlement, as approved by the Court, will be mailed to class members following preliminary approval by the Court, and they will be provided with reasonable time to submit a claim form and to opt into the action to participate in the settlement.

In addition, the settlement amount covers attorneys' fees, not to exceed 33 1/3% of the settlement, and costs, claims administration costs and class representative payments for the time, effort and assistance they provided in litigating these claims on behalf of the class.

<u>ARGUMENT</u>

**A.     This Court Should Provisionally Certify The State Law Class and Conditionally Approve the Class Settlement**

The state law class, which the parties have proposed for settlement purposes, meets all requirements of Fed.R.Civ.P. 23.  The settlement of the claims of this class is fair, reasonable, and adequate.  As such, this Court should provisionally certify, pending the final fairness hearing, the class and conditionally approve settlement of the claims of that class.

1.     <u>The Prerequisites of Rule 23 Are Satisfied</u>

Certification of settlement classes is governed by Rule 23 of the Federal Rules of Civil Procedure.  "To qualify for class certification, a putative class must satisfy the four requirements of Rule 23(a), as well as the requirements of one of the three subsections of Rule 23(b)." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 180 (W.D.N.Y. 2005).  Thus, the Court's threshold task is to determine, in accordance with Rule 23(a), whether the following prerequisites are satisfied:  (1) Numerosity Requirement, (2) Commonality Requirement, (3) Typicality Requirement, and (4) Adequacy of Representation Requirement. *See* FED.R.CIV.P. 23(a).  Where, as here, the Parties propose a settlement class pursuant to Rule 23(b)(3), the Court's next task is to determine whether common questions "predominate

over any questions affecting only individual members" (the Predominance Requirement) and whether a "class action is superior to other available methods of adjudication of the controversy" (the Superiority Requirement). FED.R.CIV.P. 23(b)(3); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (holding that a Rule 23(b)(3) settlement class is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action.") (quoting 7A Wright, Miller & Kane, *Fed. Practice & Proc.* § 1777 (2d ed. 1986)). Plaintiffs submit that all such requirements are met in this case.

a.      **Rule 23(a)(1):  Numerosity Requirement**

Rule 23(a)'s Numerosity Requirement provides that a proposed class must be so numerous that joinder of all members would be "impracticable." *See* FED. R. CIV. P. 23(a)(1). Here, "[i]mpractical does not mean impossible." *Frank*, 228 F.R.D. at 180 (quoting *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). "Rather, it refers to the burden that would be imposed by the joinder." *Id.* Thus, a determination of practicability must be "based upon all the circumstances surrounding the case," *id.*, and the Court should consider factors such as "judicial economy arising from of a multiplicity of actions, . . . financial resources of class members, [and] the ability of claimants to institute individual suits." *Robidoux*, 987 F.2d at 936.

Further, a potential class of forty members is generally presumed sufficiently numerous. *See Frank*, 228 F.R.D. at 180.

In this case, the proposed class contains approximately 5,200 persons and, in light of the settlement, requiring these individuals to institute separate actions would be a waste of judicial resources and serve no useful purpose. As such, joinder is impractical and Rule 23(a)(1) is satisfied.

### b.      Rule 23(a)(2):  Commonality Requirement

Rule 23(a)'s Commonality Requirement mandates that there are "questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  Here, plaintiffs contend that several common questions of fact and law exist, including:

1.      Whether Chase had a policy of improperly classifying class members as exempt employees for purposes of state law;

2.      Whether the class members engaged in "production" work rather than "administrative" work;

3.      Whether defendants required class members to perform their duties in a similar manner;

4.      Whether defendants' policies and conduct in classifying the class members as exempt violated state labor laws.

Plaintiffs submit that these issues satisfy commonality for purposes of Fed. R. Civ. P. 23(a)(2).

### c.      Rule 23(a)(3):  Typicality Requirement

Rule 23's Typicality Requirement provides that the claims or defenses of the representative parties must be "typical of the claims or defenses of the class."  FED. R.CIV.P. 23(a)(3).  "The representative party has demonstrated typicality when 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id*. (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).)

In the present litigation, plaintiffs submit that the representative plaintiffs' state law claims arise out of the same type of factual and legal circumstances surrounding the claims of

each class member.  For example, the class representatives contend that they and all class members were not administrative employees, instead were engaged in production work, and that they all allege the same injury – *i.e.*, that they were misclassified as exempt.  As such, plaintiffs contend that the typicality requirement of Rule 23(a)(3) is satisfied.

### d.      Rule 23(a)(4):  Adequacy of Representation Requirement

Rule 23(a)'s Adequacy of Representation Requirement provides that the representative parties fairly and adequately protect the interests of the class.  *See* FED. R. CIV. P. 23(a)(4).  This requirement is grounded in due process concerns, as class members are constitutionally entitled to adequate representation before an entry of a judgment that binds them.  *See Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940).  To determine whether putative class members have received adequate representation, this Court must consider:  (1) whether "class counsel is 'qualified, experienced and generally able to conduct the litigation," and (2) whether class members have "antagonistic" interests.  *See Frank*, 228 F.R.D. at 182 (quoting *Drexel Burnham Lambert*, 960 F.2d at 291).

Here, Thomas & Solomon LLP ("T&S") is qualified and able to litigate the claims in this matter.  T&S has litigated the class claims in this lawsuit to date.  T&S concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.  T&S has committed, and will continue to commit, the resources necessary to litigate and resolve these claims.  Indeed, class counsel has conducted discovery, fully briefed summary judgment motions and achieved success at the Second Circuit.  Further, as detailed above, the class representatives contend that they possess the same type of interests and suffered the same type of injury as the other proposed class members.  Therefore, plaintiffs submit that the

Case 6:01-cv-06492-DGL -JWF   Document 184   Filed 02/11/11   Page 10 of 18

adequacy requirement of Rule 23(a)(4) is satisfied for purposes of certification of a settlement class.

### e.    Rule 23(b)(3):  Predominance Requirement

Rule 23(b)(3)'s Predominance Requirement is "designed to determine whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Frank*, 228 F.R.D. at 182.  It is satisfied if common questions can be resolved for all members of the class in a single adjudication:

> Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.

*Id.* (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)).

Defendants' alleged liability on the state law claims centers around their alleged misclassification of class members for purposes of state law and corresponding failure to pay overtime.  As detailed above, the class representatives contend that the resolution of this claim involves a number of common issues.  Moreover, class representatives contend that the common issues will predominate because they and the class members were all performing the same function and defendants had a common practice of allegedly misclassifying them as exempt employees and not paying them their overtime wages.  As a result, the class representatives contend that the common factual and legal issues raised by the allegations will predominate.

-9-

### f.    Rule 23(b)(3):  Superiority Requirement

Rule 23(b)(3)'s Superiority Requirement mandates that "the class action be superior to other methods of adjudication."  *Frank*, 228 F.R.D. at 183.  Where a class is being certified for settlement purposes, three factors are pertinent to this determination:

> (a)  The interest of members of the class in individually controlling the prosecution ... of separate actions;
>
> (b)  The extent and nature of any litigation concerning the controversy already commenced by ... members of the class;
>
> (c)  The desirability ... of concentrating the litigation ... in the particular forum.

*Id.* (quoting FED.R.CIV.P. 23(b)(3)).[1]

Plaintiffs contend that the Superiority Requirement is satisfied because there is no indication that class members seek to individually control their cases and there is no reason that this forum is undesirable for any reason.  Further, the other actions commenced by other class members are in their infancy – this action is by far the most advanced, having already been addressed by the Second Circuit and the Supreme Court.  Indeed, such actions were brought only because of the success of the plaintiffs in this action at the Second Circuit.[2] Accordingly, plaintiffs contend that certification of settlement classes is superior to any other method of resolving this matter, as it will promote economy, expediency, and efficiency.

---

[1]    Since this motion is made in connection with a settlement class, there is no need to consider whether a trial of the matter would be manageable.  *See, e.g., In re Sony SXRD Rear Projection T.V. Class Action Litig.*, 2008 WL 1956267 at *14 n.6 (S.D.N.Y. May 1, 2008).

[2]    As recognized by the Panel on Multidistrict Litigation in denying the motion to transfer brought by the plaintiffs in one of the other actions, the plaintiffs in the other actions have options available to them to the extent they wish to object to the settlement in this case.

2.    The Settlement Is Fair, Reasonable and Adequate as to the Proposed Class

According to plaintiffs, since the class meets all requirements of Rule 23(a) and (b)(3) for settlement purposes, this Court should provisionally certify that class, and, having done so, the Court should conditionally approve the parties' settlement of the claims of that class. *See* Fed.R.Civ.P. 23(e) (providing that a "class action shall not be dismissed or compromised without the approval of the court").

A court's review of a proposed class action settlement is a "two-step process." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).   Initially, the court decides whether the settlement should be provisionally approved and, if so, "notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval." *Id.*  At the provisional approval stage – the present stage in this matter – the court's review is relatively lenient.  *See, e.g., Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 n.7 (E.D.N.Y. 2006).   The court need only "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982) (internal citations and quotations omitted); *see also In re Prudential Sec. Inc. Ltd. P'ships*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (noting that the court's first-stage analysis consists of a review for "obvious deficiencies"). Where no facial deficiencies exist, and the settlement appears to be the product of arms-length negotiations, preliminary approval should be granted.  *Nasdaq Market-Makers*, 176 F.R.D. at 102; *see also D'Amato*, 236 F.3d at 85 ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal citations omitted).

Under these standards, this Court should preliminarily approve the parties' settlement of the claims of the class.

### a.     Arms-Length Negotiation By Experienced Trial Counsel.

As an initial matter, and set forth above, the proposed Agreement was reached after extensive discovery, motion practice, an appeal to the Second Circuit, denial of a writ of certiorari to the Supreme Court and extensive negotiations involving competent and experienced counsel for the parties and a nationally-recognized mediator.  The settlement negotiations themselves were extensive, and they took place at arms' length, without collusion – fully preserving the integrity of the adversarial process.  The use of an independent and experienced mediator is further evidence of the integrity of the process.

In this context, after carefully weighing all the evidence in the well-developed record, Class Counsel has determined that the proposed settlement is in the best interest of the class members.  The overall settlement amount of $42,000,000 is significant, and class members will receive substantial individual settlement payments.  Under these circumstances, the informed judgment of counsel is entitled to great deference.  Such factors strongly militate in favor of approval of the settlement.

### b.     The Likelihood of Success Balanced Against the Relief Offered by the Agreement.

The substantial relief achieved in this case accounts for the success achieved so far.  Still, plaintiffs must also recognize that risks and obstacles remain if they continued to litigate the matter, while a settlement provides certain, immediate recovery.  For example, as to the claims of the named plaintiffs, defendants contend that the decision of the Second Circuit reversing the original grant of summary judgment to Chase was based on facts that the Second Circuit construed most favorably to Whalen for purposes of reviewing the district

court's grant of summary judgment, but that Chase expressly disputed those facts.   Thus, a trial of Whalen's claims, as well as of the claims of each of the other named plaintiffs in *Davis*, would still be necessary to determine the actual job duties each performed and whether each was properly classified as overtime exempt.   Even if one or more of the named plaintiffs was determined to be eligible for overtime, a trial would still be necessary to determine the actual number of hours worked by each and, thus, the amount of damages.   Furthermore, the parties have yet to litigate plaintiff's motion for conditional certification of plaintiffs' purported collective action, or any motion for class certification, and plaintiffs face the risk of those motions being denied or significantly limited.   Even if plaintiffs' motion for conditional certification and class certification were granted, the parties would need to try the claims of any certified class.

Such risks must be taken into consideration when determining whether to continue to litigate the claims or to settle.   Accordingly, the substantial, certain relief obtained by Class Counsel likewise weighs in favor of approving the settlement.

### c.    The Complexity, Expense, and Likely Duration of Litigation.

Undoubtedly, without a settlement, this case would be complex, expensive and any relief obtained on behalf the class would be many years removed.   For example, assuming no settlement had been reached, as discussed above, significant additional motion practice would have ensued concerning class and collective action certification – motions which would have certainly been vigorously defended and challenged by defendants.   After such motions were resolved, and any notice periods had expired, the parties would have next needed to prepare for and conduct a trial which would likely have lasted many weeks, if not many months, given the nature of the claims involved in this case.   And, regardless of who prevailed at trial,

appeals would likely have followed.  In short, ultimate resolution of plaintiffs' claims would be a long, arduous process requiring significant expenditures of time and money on behalf of both parties and the Court.  The prospect of such litigation weighs in favor of the settlement.

> **d.** **The Public Interest Weighs in Favor of Approving the Settlement.**

The public interest generally favors the resolution of litigation through compromise. Courts have noted that "[t]here is a strong public interest in quieting any litigation; this is particularly true in class actions." *Bourlas*, 237 F.R.D. at 355 (internal citations omitted).  As such, "[c]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *Id.*  In this case, and for all the foregoing reasons, the proposed class action settlement of the state law claims is in the best interests of the class members and the public, and it should be approved.

> **B.** **Settlement of the FLSA Claims Should Be Granted Preliminary Approval**

Likewise, this Court should grant preliminary approval of the Agreement as it pertains to the FLSA claims asserted by the class representatives and the other allegedly similarly situated employees.  *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (waiver of FLSA claims is appropriate if "entered as part of a stipulated judgment approved by the court after scrutinizing the settlement for fairness.").  As detailed above, these individuals are all, or will become through this settlement, party plaintiffs in this case, and they are represented by experienced counsel.  They will all receive valuable Settlement Payments, and the Agreement was negotiated by Class Counsel at arms-length from defendants.  This *quid pro quo* exchange represents a reasonable and fair settlement of the claims made by the class representatives and other similarly situated employees, and the Court should conditionally grant preliminary approval to this settlement and the Agreement.

C.        **This Court Should Approve the Notice Materials**

This Court should likewise approve the notice materials that the parties have proposed be directed to the class members.  Specifically, under FED.R.CIV.P. 23(e), the court must "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement." FED. R. CIV. P. 23 (e)(1)(B).  The notice standard is satisfied here.

The notice provided to members of a class certified under Rule 23(b)(3) must be the "best notice practicable under the circumstances."  FED.R.CIV.P. 23(c)(2)(B).  "Normally, settlement notices need only describe the terms of the settlement generally."  *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (citing *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986)).  As such, notice is satisfactory if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Moreover, notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).  For any class certified under Rule 23(b)(3), the notice must inform class members "that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded."  FED.R.CIV.P. 23(c)(2)(B).

In this case, the form and the manner of the notice materials, including the notices have been negotiated and agreed upon by all counsel.  These notice materials will inform the class members of, among other things, the nature of the action, the definition of the class certified, the class claims, the right to opt-out, and the right to object to the settlement.

The parties propose that, upon entry of an Order granting this motion, the notice materials shall issue. *See* Agreement at § 2.5.1.  A third-party claims administrator will mail a copy of the notice materials to the last known address of each class member as that name appears in defendants' records. *Id.*  The notice materials will be sent by first class mail. *Id*. The claims administrator will take all reasonable steps to obtain the correct address of any class members for whom the notice is returned by the post office as undeliverable and otherwise to provide the class notice. *Id.* at 2.5.7.  Further, the parties propose that, under the schedule set forth below in Section D, the class members will have time after the Notice Materials are mailed to consider the proposed settlement and opt out of the settlement or to submit a claim for monetary payment and to submit objections. *Id.* § 2.6.2-2.6.4.

The foregoing plan provides the best notice practical under the circumstances and will provide class members a full and fair opportunity to consider the terms of the proposed Agreement and make a fully informed decision on whether to participate, to object, or to opt out of the settlement.

## D.    This Court Should Set A Date For A Final Approval Hearing

The following schedule sets forth a proposed sequence of the relevant dates and deadlines, assuming the Court preliminarily approves the settlement.

| Deadline for mailing of Notice Materials to class members ("Mailing Deadline") | March 18, 2011 |
|---|---|

| Deadline for submission of objections | May 3, 2011 |
|---|---|

| Deadline for submission of claim forms and opt-out statements | May 3, 2011 |
|---|---|

| Motion for Final Approval | May 13, 2011 |
|---|---|

| Fairness Hearing | The parties respectfully request a date during the week of May 23, 2011 |

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court should grant the instant Motion and grant: (1) preliminary approval of the settlement and Agreement; (2) provisional certification of the class and collective action; (3) appointment of Michael Davis, Elena Lombardo, Carol Smith and Andrew Whalen as the class representatives; (4) appointment of Thomas & Solomon LLP as counsel for the class; (5) approval of the parties' notice materials; and (6) an Order setting dates for a Fairness Hearing and for related events.


Dated: February 11, 2011

<div style="margin-left:40%">

s/ J. Nelson Thomas
J. Nelson Thomas
Michael J. Lingle
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

</div>


Dated: February 11, 2011

<div style="margin-left:40%">

s/ Sam S. Shaulson
Sam S. Shaulson
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York,, New York 10178
Telephone: (212) 309-6718
sshaulson@morganlewis.com

</div>