**EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL J. DAVIS, et al.,**<br>*and all others similarly situated,*<br><br>*Plaintiffs*,<br><br>*versus*<br><br><br>**JPMORGAN CHASE & CO., JP MORGAN CHASE BANK and CHASE MANHATTAN MORTGAGE CORPORATION,**<br><br>*Defendants.* | **FIFTH AMENDED COMPLAINT**<br><br>**Civil Action No. 01-CV-6492L**<br><br>**CLASS ACTION** |

**NATURE OF CLAIM**

1.     This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs and all other employees of J.P. Morgan Chase & Co., JP Morgan Chase Bank and Chase Manhattan Mortgage Corporation (collectively, "Chase"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and the various state laws where defendants employ similarly situated employees.

**JURISDICTION AND VENUE**

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any

Act of Congress regulating interstate commerce; under 29 U.S.C. § 216(b) conferring jurisdiction of any civil action arising under the FLSA; and under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3.     This Court's pendent jurisdiction for claims arising under state law is also invoked.

4.     Venue is appropriate in the Western District of New York since the allegations arose in this district and certain plaintiffs reside in this district.

## CLASS ACTION ALLEGATIONS

5.     The state law claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6.     The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

7.     The class is defined as all current and former employees whose primary job duty related to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guides and approving loans if they meet standards and who were classified as exempt by defendants.

8.     The class size is believed to be over 2,000 employees.

9.     The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

10.     There are no known conflicts of interest between the named plaintiffs and the other class members.

11.     The class counsel, Thomas & Solomon LLP, is qualified and able to litigate the

class members' claims.

12.     Class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

13.     Common questions of law and fact predominate in this action because the claims of all class members are based, for example, on whether Chase's policy of not paying statutory overtime to employees who perform underwriting functions for hours worked in excess of forty per week violates state law.

14.     The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

### A.     *Defendants*

15.     Defendant JPMorgan Chase & Co. is a Delaware corporation.

16.     Defendant JPMorgan Chase & Co. is a retailer engaged in the sale of goods crossing interstate lines.

17.     Defendant JPMorgan Chase & Co. employed 50 or more people during the relevant time of this lawsuit.

18.     Defendant JPMorgan Chase & Co. is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

19.     Defendant JP Morgan Chase Bank is a national association engaged in the sale of goods crossing interstate lines.

20.     Defendant JPMorgan Chase Bank employed 50 or more people during the relevant time of this lawsuit.

21.     Defendant JPMorgan Chase Bank is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

22.     Defendant Chase Manhattan Mortgage Corporation is a New Jersey corporation.

23.     Defendant Chase Manhattan Mortgage Corporation is a retailer engaged in the sale of goods crossing interstate lines.

24.     Defendant Chase Manhattan Mortgage Corporation employed 50 or more people during the relevant time of this lawsuit.

25.     Defendant Chase Manhattan Mortgage Corporation is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

26.     The defendants are the plaintiffs' employers, joint employers and/or single employer and may also be alter egos and/or successors.

### B.     *Plaintiffs and Class Members*

27.     Named plaintiffs Michael Davis, Elena Lombardo, Carol Smith and Andrew Whalen are or were employees of defendants under the relevant statutes at all relevant times.

28.     The Class Members are those employees of defendants, as defined above, who were suffered or permitted to work by defendants and not paid their statutorily required rate of pay for all hours worked.

- 4 -

## FACTUAL BACKGROUND

29.     Named plaintiffs, and employees similarly situated to named plaintiffs, frequently worked more than 40 hours in a week and were not compensated at a rate of one-and-a-half times their hourly rate as required by the FLSA and state law.

30.     Chase is in the business of extending credit to customers.

31.     The product Chase produces for its customers are loans.

32.     Underwriting job functions are integral to Chase's production of these products.

33.     Defendants' policy is to not pay statutory overtime to employees who perform the job functions set forth above.

34.     This policy of not paying statutory overtime to employees who perform underwriting functions exists in all Chase facilities everywhere in the country.

35.     It is a nationwide policy.

36.     Chase's policy of not paying statutory overtime to employees who perform underwriting job functions is long-standing and, upon information and belief, has been in effect for at least six years.

37.     This failure to pay overtime as required by the FLSA and state law was willful.

38.     Defendants have failed to maintain adequate and required records on the hours worked by the plaintiffs as required by the FLSA and state law.

39.     Further, defendants failed to pay employees minimum wages for hours worked, failed to timely pay wages and did not properly provide meal and rest breaks.  Employees were

also entitled to waiting time and other penalties.

40. Defendants have failed to pay plaintiffs' wages as required by state laws.

## FIRST CAUSE OF ACTION
### *FLSA*

41. Plaintiffs reallege the above paragraphs as if fully restated herein.

42. Defendants violated their obligations under the FLSA and are liable to named plaintiffs and those plaintiffs similarly situated.

## SECOND CAUSE OF ACTION
### *State Laws – Failure to Pay Overtime*

43. Plaintiffs reallege the above paragraphs as if fully restated herein.

44. Defendants violated their obligations under the laws of the various states where defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly situated for their failure to pay overtime as required by state laws.

## THIRD CAUSE OF ACTION
### *State Laws – Delay in Payments to the State Law Class*

45. Plaintiffs reallege the above paragraphs as if fully restated herein.

46. Defendants violated their obligations under the laws of the various states where defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly situated for their delay in making payments pursuant to state laws.

## FOURTH CAUSE OF ACTION
### *State Laws – Failure to Provide or Compensate for Rest and Meal Breaks*

47. Plaintiffs reallege the above paragraphs as if fully restated herein.

48. Defendants violated their obligations under the laws of the various states where

defendants employ class members and are liable to named plaintiffs and those plaintiffs similarly situated for their failure to provide or compensate for rest and meal breaks under state laws.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations; and

b) an award to plaintiffs of the value of the hours and wages which were not properly compensated under the FLSA and state law; and

c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

d) an award of liquidated damages and penalties, including any penalties under the California Private Attorney General Act; and

e) an award to plaintiffs of the actual losses sustained by plaintiffs as a direct result of the violation; and

f) an award of consequential damages to plaintiffs as a result of the acts and practices of defendants; and

g) an award of compensatory damages in an amount determined by the jury to be able to reasonably compensate plaintiffs; and

h) an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights; and

i) an award to plaintiffs of the value of the unpaid back wages due defendants' employees; and

j) an award of pre and post judgment interest; and

k) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated:

**THOMAS & SOLOMON LLP**

By: _____

J. Nelson Thomas, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
nthomas@theemploymentattorneys.com

## EXHIBIT 2

## NOTICE OF A CLASS AND COLLECTIVE ACTION SETTLEMENT

*Michael J. Davis, et al. v. JPMorgan Chase & Co., JPMorgan*
*Chase Bank and Chase Manhattan Mortgage Corporation*
United States District Court for the Western District of New York (Case No.: 01-CV-6492L)

### YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuit currently pending in the United States District Court for the Western District of New York. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

As explained in more detail below, you must file a Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) by [** **INSERT DATE** **] (as evidenced by the postmark) to receive a portion of the Settlement. If you fail to either file and properly submit a timely claim or timely request exclusion, you will receive nothing under the Settlement, but you will still be bound by the release of the "Released State Law Claims" described in Paragraph C below.

### A. PURPOSE OF THIS NOTICE

The Court has certified, for settlement purposes, the following class (the "Class"):

All individuals who were employed by JPMorgan Chase in the United States in a Covered Position either (A) at any time from September 8, 1999 through [** **INSERT PRELIMINARY APPROVAL DATE** **] in any state other than New York, or (B) at any time from September 8, 1996 through [** **INSERT PRELIMINARY APPROVAL DATE** **] in New York.

The Court has also certified, for settlement purposes, the following collective action (the "Collective Action"):

All individuals who were employed by JPMorgan Chase in the United States in a Covered Position at any time from September 8, 1999 through [** **INSERT PRELIMINARY APPROVAL DATE** **].

For purposes of this Notice and Settlement, "Covered Position" means (i) all non-supervisory underwriters, credit analysts and/or other positions whose main job responsibilities are or were to evaluate creditworthiness of Persons for individual loans or lines of credit and/or to decide whether JPMorgan Chase should issue individual loans or lines of credit to Persons, and including those positions with the job titles and job codes in the lines of business identified on Schedule 1, and (ii) which existed at JPMorgan Chase in the United States at any time during the Class Period, and (iii) which is or was treated as exempt from overtime at any time during the Class Period by JPMorgan Chase.

For purposes of this Notice and Settlement, an individual will be considered to be employed in or to have been employed in a Covered Position only for the time period during which the Covered Position was treated as exempt from overtime by JPMorgan Chase.

For purposes of this Notice and the Settlement, "JPMorgan Chase" means, collectively, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One Acceptance Corp., Chase Home Finance LLC, Chase Auto Finance Corporation, Chase Bank USA, N.A., Chase BankCard Services, Inc., and Chase Manhattan Mortgage Corporation.

For purposes of this Notice and the Settlement, the term "Class Period" means the period during which the Class Member was employed by JPMorgan Chase in a Covered Position either (A) at any time from September 8, 1999 through [** **INSERT PRELIMINARY APPROVAL DATE** **]** in any state other than New York, or (B) at any time from September 8, 1996 through [** **INSERT PRELIMINARY APPROVAL DATE** **]** in New York.

According to JPMorgan Chase's records, you are a member of the Class and/or Collective Action ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Settled Lawsuit described below and the Settlement.

## B.    DESCRIPTION OF THE SETTLED LAWSUITS

This settlement involves all claims in a lawsuit captioned *Davis, et al. v. JPMorgan Chase & Co., et al.*, Civil Action No. 01-CV-6492L, which was filed on or about October 4, 2001, in the United States District Court for the Western District of New York (the "Settled Lawsuit"). In general, the Settled Lawsuit alleges that JPMorgan Chase has improperly denied its employees in the Covered Positions overtime pay and failed to pay minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and applicable state law. JPMorgan Chase has adamantly denied all wrongdoing, and maintains that its employees in Covered Positions have been properly compensated at all times.

The parties to the Settled Lawsuit disagree as to the probable outcome of the Settled Lawsuit with respect to liability and damages had they not been settled. While the Class Representatives were prepared to proceed with litigating the Settled Lawsuit, they recognize that litigation is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while JPMorgan Chase was confident that it had strong legal and factual arguments that would resolve the Class Representatives' claims in JPMorgan Chase's favor, it recognizes the risks, distractions, and costs involved with litigation. As such, the parties agreed to participate in a mediation session in New York, New York before a well-respected mediator, and, as a result of the mediation, the parties were able to agree to a Settlement on terms described in the Settlement Agreement.

This Settlement is the result of good-faith, arms-length negotiations between the Class Representatives and JPMorgan Chase, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The attorneys for the Class and Collective Action in the Settled Lawsuits ("Class Counsel") are:

J. NELSON THOMAS
PATRICK J. SOLOMON
MICHAEL J. LINGLE
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574

The attorneys for JPMorgan Chase are:

SAM S. SHAULSON
CARRIE A. GONELL
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Fax: (212) 309-6001

On [** INSERT DATE**], the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to grant final approval to the proposed Settlement at a hearing scheduled for [** INSERT DATE**] ("Final Approval Hearing"). See Paragraph I below for details.

C.    SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1.    JPMorgan Chase is paying $42 million (the "Maximum Settlement Amount") in full and final settlement of the Settled Lawsuit. The Settlement Payment will be used to pay: (a) the timely and valid claims of Class Members; (b) Class Counsel's fees and litigation costs; (c) enhanced awards to the Class Representatives; (d) the costs of a fund for administering the Settlement; (e) all payments to the California Labor and Workforce Development Agency and/or other appropriate agencies; and (f) all amounts used as reserves.

2.      After deducting from the Maximum Settlement Amount for attorneys' fees, litigation costs, enhanced awards to the Class Representatives, the costs of a fund for administering the Settlement, all payments to the California Labor and Workforce Development Agency and/or other appropriate agencies, and all amounts used as reserves or attributable to Class Members who opt out of the settlement, the remaining amount (the "Net Settlement Amount") will be used to make settlement payments to each Class Member who submits a timely and properly completed Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) according to a formula that provides that the Net Settlement Amount will be distributed to Participating Claimants, as defined below, on a pro rata basis based on each Participating Claimant's Work Months in a Covered Position according to JPMorgan Chase's records; provided that Participating Claimants who were employed by JPMorgan Chase in California shall receive an allocation of four (4) times the allocation of other Participating Claimants for each Work Month in a Covered Position while employed in California.

For purposes of this Settlement, the term "Work Months" means the total number of calendar days in which a Class Member was actively employed by JPMorgan Chase in a Covered Position, divided by 365/12, rounded to the nearest whole number. For example, if a Class Member was actively employed in a Covered Position by JPMorgan Chase for 12.50 months, that Class Member would have 13 total Work Months for purposes of this settlement. If a Class Member was actively employed in a Covered Position by JPMorgan Chase for 12.49 months, that Class Member would have 12 total Work Months for purposes of this settlement. A Class Member will be deemed to have been employed only in the state in which his or her primary work location was located at any particular time period according to JPMorgan Chase's personnel records. In addition, a Class Member will not be deemed to have been actively employed by JPMorgan Chase for any period during which the Class Member was on a leave of absence.

Under the allocation formula, it is anticipated that Class Members who properly submit timely Settlement Claim Certification and Consent to Join Settlement Forms ("Participating Claimants") in each state other than California will receive a minimum amount of $_____ for each Work Month, and it is anticipated that Participating Claimants in California will receive a minimum amount of $_____ for each Work Month. The actual payment amounts to Participating Claimants will depend upon the number of Class Members who submit claims to participate in the Settlement, as well as the amounts of attorneys' fees, litigation expenses, Class Representative enhancement payments, costs of claims administration that are awarded by the Court, and payments to state agencies.

A portion of any payment made to a Participating Claimant pursuant to this Settlement will be subject to required wage holdings and deductions. Neither Class Counsel nor JPMorgan Chase makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Class Counsel will ask the Court to award attorneys' fees in an amount up to 33 1/3% of the Maximum Settlement Amount, plus a reasonable amount for costs incurred in prosecuting the Settled Lawsuit on behalf of the Class. In addition, Class Counsel will ask the Court to authorize an enhanced award of up to $20,000 to each of the four Class Representatives for their service to the Class.

4

The Class Representatives and each Class Member who does not timely and properly request exclusion from the Settled Lawsuit and the Settlement in accordance with Paragraph F below will be deemed to fully, finally, and forever release and discharge JPMorgan Chase, and, each of its and their affiliates and related entities (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("JPMorgan Chase Releasees"), from all Released State Law Claims.

"Released State Law Claims" shall collectively mean any and all state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against JPMorgan Chase Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in section 1.44 of the Joint Stipulation and Settlement Agreement, by a Class Member that accrued on any date up through and including [** **INSERT PRELIMINARY APPROVAL DATE** **], or, in the case of Class Members who complete, properly execute, and timely return the Settlement Claim Certification and Consent to Join Settlement Form, the date on which the Class Member executes the Settlement Claim Certification and Consent to Join Settlement Form, for any type of relief, including without limitation, claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including without limitation the following categories of allegations: (a) any and all claims asserted in the Lawsuit which arose under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage to any Class Member in a Covered Position; (c) any and all claims which arose under applicable state laws for failure to timely pay wages, including payment of wages at termination arising out of or relating to the Class Members work in a Covered Position; (d) any and all claims which arose under applicable state laws for the failure to provide or pay for meal breaks, and/or rest periods in a Covered Position; (e) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who JPMorgan Chase classified as exempt under state law from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state law; and (f) all claims for penalties or additional damages, including without limitation waiting time penalties, which allegedly arise from the claims described in (a) through (e) above under any applicable law, including all such claims that are existing and have been asserted as of [** **INSERT PRELIMINARY APPROVAL DATE** **]. The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes, regulations, or common law, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached Schedule 2, which includes claims under the California Labor Code Private Attorneys General Act of 2004 ("PAGA") on behalf of the State of California.

In addition, each Class Member who properly submits a timely Settlement Claim Certification and Consent to Join Settlement Form is deemed to fully and finally release and discharge the JPMorgan Chase Releasees from all Released Federal Law Claims.

"Released Federal Law Claims" shall collectively mean any and all federal law wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against JPMorgan Chase Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.44 of the Joint Stipulation and Settlement Agreement, by a Class Member that accrued on any date up through and including the date on which the Participating Claimant executes the Qualifying Settlement Claim Certification and Consent to Join Settlement Form, for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq.* for Class Members in Covered Positions, including all such claims that are existing and have been asserted as of the date on which the Participating Claimant executes the Qualifying Settlement Claim Certification and Consent to Join Settlement Form.

## D.    TO RECEIVE A SETTLEMENT PAYMENT

In order to receive a payment under the Settlement, you must complete, sign, and mail the enclosed Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) to the Claims Administrator at the following address:

> Rust Consulting, Inc.
> [address]
> [address]
> Telephone: _____
> Fax: _____

**Your properly completed Settlement Claim Certification and Consent to Join Settlement Form must be postmarked no later than [\*\*INSERT DATE\*\*].** Late or incomplete forms will not be honored. If you lose, misplace, or require another Settlement Claim Certification and Consent to Join Settlement Form, you should contact the claims administrator at [\*\*INSERT PHONE NUMBER\*\*].

No payment made pursuant to the Settlement shall create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by JPMorgan Chase, or otherwise require any contribution or award under any such plan, or otherwise modify benefits, contributions or coverages under any other employee benefit plan or program.

E.      NON-RETALIATION

        JPMorgan Chase will not retaliate or take any adverse action against a Class Member for
making a claim under the Settlement.

F.      TO REQUEST EXCLUSION FROM ("OPT OUT OF") THE SETTLEMENT

        If you do not want to participate in the Settlement and wish to retain your right to pursue
your own independent action, you may exclude yourself, or "opt out," by completing and mailing
the enclosed Election To Opt Out Of Settlement And Class Action (enclosed with this Notice as
Form C) to the Claims Administrator at the address set forth above, and also send copies to Class
Counsel and Counsel for JPMorgan Chase at their respective addresses.

        In order to be valid, your completed Election To Opt Out Of Settlement And Class Action
must be postmarked no later than [**INSERT DATE**]. If you submit an Election to Opt Out of
Settlement and Class Action after that date, it will be rejected and you will be bound by the release
of claims described above and all other Settlement terms.

        If you properly submit a timely Election To Opt Out Of Settlement And Class Action, you
will not be eligible to receive any of the benefits under the Settlement. You will, however, retain
whatever legal rights you may have against JPMorgan Chase with regard to the Released State
Law Claims and Released Federal Law Claims as those terms are defined above.

G.      TO OBJECT TO THE SETTLEMENT

        If you do not opt out of the Settlement but believe that the proposed Settlement is unfair or
inadequate in any respect, you may object to the Settlement, either personally or through an
attorney at your own expense, by filing a written objection with the Court and mailing a copy of
your written objection to Class Counsel, Counsel for JPMorgan Chase, and the Claims
Administrator at the following addresses:

        Class Counsel
        J. Nelson Thomas
        Thomas & Solomon LLP
        693 East Avenue
        Rochester, NY 14607

        Counsel for JPMorgan Chase
        Sam S. Shaulson
        Morgan Lewis & Bockius LLP
        101 Park Avenue
        New York, NY 10178

Claims Administrator
Rust Consulting, Inc.
[address]
[address]

All objections must be signed and set forth your address, telephone number, and the name of the Settled Lawsuit: Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank and Chase Manhattan Mortgage Corporation (Case No.: 01-CV-6492L). All objections must be filed with the Court, and sent to Class Counsel, Counsel for JPMorgan Chase, and the Claims Administrator, no later than [**INSERT DATE**] (as evidenced by postmark). If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing that is discussed in Paragraph I below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhanced awards to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Settlement Claim Certification and Consent to Join Settlement Form.

Likewise, regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against JPMorgan Chase as set forth in Paragraph C above unless you properly request exclusion from the Settlement in accordance with Paragraph F above.

## H.    IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims against JPMorgan Chase as set forth in Paragraph C above.

## I.    FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the allocation and distribution of the Net Settlement Amount among Participating Claimants, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhanced awards to the Class Representatives on [**INSERT DATE AND TIME**] in Courtroom [**INSERT**] of the United States District Court for the Western District of New York, located at 2500 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to appear at the hearing to participate in or to opt out of the settlement.

J.    ADDITIONAL INFORMATION

This Notice only summarizes the Settled Lawsuit, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in the Settled Lawsuit including the Joint Stipulation and Settlement Agreement, may be examined at the Office of the Clerk of Court, United States District Court for the Western District of New York, located at 2500 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, or via the Public Access to Court Electronic Resources System, known as "PACER," available through the Internet at https://ecf.nywd.uscourts.gov/cgi-bin/login.pl.

Any questions regarding this Notice, the Settlement Claim Certification and Consent to Join Settlement Form, the Election To Opt-Out Of Settlement And Class Action Form, or the Settlement should be directed to the Claims Administrator at the above address and toll-free telephone number. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph K below.

K.    IF YOU CHANGE YOUR NAME OR ADDRESS

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name And/Or Address Information Form (enclosed with this Notice as Form A).

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

## FORM A

### CHANGE OF NAME AND/OR ADDRESS INFORMATION

Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank
and Chase Manhattan Mortgage Corporation
United States District Court for the Western District of New York (Case No.: 01-CV-6492L)

Instructions: Please complete this form only if you wish to change your name and/or mailing address information.

Former name and mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

Social Security Number: _____

New name and/or mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

I understand that all future correspondence in this action, including, but not limited to, important notices or payments to which I am entitled (if any), will be sent to the new name/address listed above and not to the name/address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____

_____
(Signature)

_____
(Print Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

Rust Consulting, Inc.
P.O. Box _____
[address]
Phone: _____
Fax: _____

**THIS FORM MUST BE POST-MARKED OR RECEIVED BY [\*\*NOTICE RESPONSE DEADLINE\*\*] TO CHANGE YOUR NAME/ADDRESS**

## FORM B

### SETTLEMENT CLAIM CERTIFICATION AND CONSENT TO JOIN SETTLEMENT FORM

Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank
and Chase Manhattan Mortgage Corporation
United States District Court for the Western District of New York (Case No.: 01-CV-6492L)

Instructions: Please complete this Settlement Claim Certification and Consent to Join Settlement Form if you want to participate in the Settlement that is described in the Notice of Class and Collective Action Settlement ("Class Notice") that accompanies this form. The deadline for mailing this form to the Claims Administrator is [** INSERT DATE **] (as evidenced by the postmark). In order to be eligible to receive a payment from the Settlement, you must complete and mail this form in accordance with the instructions in the Class Notice.

### I.   PLEASE PROVIDE THE FOLLOWING INFORMATION:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

Social Security Number: _____

### II.   YOUR WORK HISTORY AT JPMORGAN CHASE:

The amount of your settlement payment is based on the number of compensable Work Months you were actively employed by JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One Acceptance Corp., Chase Home Finance LLC, Chase Auto Finance Corporation, Chase Bank USA, N.A., Chase BankCard Services, Inc., and Chase Manhattan Mortgage Corporation (collectively, "JPMorgan Chase") in a Covered Position during the Class Period and the state(s) in which you were so employed.

For these purposes, the term "Class Period" means the period during which you were employed by JPMorgan Chase in a Covered Position either (A) at any time from September 8, 1999 through the Preliminary Approval Date in any state other than New York, or (B) at any time from September 8, 1996 through the Preliminary Approval Date in New York.

The term "Covered Position" means, collectively, the following positions covered by this Settlement: (i) non-supervisory underwriters, credit analysts and/or other positions whose main job responsibilities are or were to evaluate creditworthiness of Persons for individual loans or lines of credit and/or to decide whether JPMorgan Chase should issue individual loans or lines of credit to Persons, and including those positions with the job titles and job codes in the lines of

1

business identified on Schedule 1, and (ii) which existed at JPMorgan Chase in the United States at any time during the Class Period, and (iii) which is or was treated as exempt from overtime at any time during the Class Period by JPMorgan Chase. For purposes of this Settlement, an individual will be considered to be employed in or to have been employed in a Covered Position only for the time period during which the Covered Position was treated as exempt from overtime by JPMorgan Chase.

The term "Work Months" means the total number of calendar days in which you were actively employed by JPMorgan Chase in a Covered Position divided by 365/12, rounded to the nearest whole number. For example, if you were actively employed in a Covered Position by JPMorgan Chase for 12.50 months, you would have 13 total Work Months for purposes of this settlement. If you were actively employed in a Covered Position by JPMorgan Chase for 12.49 months, you would have 12 total Work Months for purposes of this settlement. You will be deemed to have been employed only in the state that your primary work location was located at any particular time period according to JPMorgan Chase's personnel records. In addition, you will not be deemed to have been actively employed by JPMorgan Chase for any period during which you were on a leave of absence.

According to records maintained by JPMorgan Chase, you were employed by JPMorgan Chase in a **Covered Position** for the following number of Work Months during the **Class Period** in the following state(s):

| State | Work Months |
|-------|-------------|
| —— | —— |
| —— | —— |

Based on the figures and information listed above, your total estimated minimum settlement payment (assuming you properly complete and return this Settlement Claim Certification and Consent to Join Settlement Form by the deadline) will be:

**$[minimum amount]** (less applicable taxes and withholding)

### III.   IF YOU DISPUTE CHASE'S PAYROLL RECORDS:

Please complete this Section only if you disagree with the number of Work Months or the state(s) listed in Section II above. If you believe that either or both of these items of information are incorrect, please do the following:

1.   For each state where you were employed in a Covered Position *during the Class Period* (as defined in Section II above), write the state, the number of Work Months that you believe you were actively employed by JPMorgan Chase in a Covered Position in that state during the Class Period, and the dates you believe you were so employed:

2

| State | Work Months | Dates |
|-------|-------------|-------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

2.      Please attach to this Settlement Claim Certification and Consent to Join Settlement Form any documents that support the number of Work Months that you are claiming to have been actively employed by JPMorgan Chase in a Covered Position during the applicable Class Period(s) in the state(s) where you worked. **Please be advised that the number pre-printed on this form, which is based on JPMorgan Chase's personnel records, is presumed to be correct unless you submit documents proving otherwise.**

## IV.    RELEASE OF CLAIMS.

In exchange for my settlement payment, I, on behalf of myself, and each of my heirs, representatives, successors, assigns and attorneys, hereby fully, finally, and forever release and discharge JPMorgan Chase, and each of its and their affiliates and related entities (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("JPMorgan Chase Releasees"), from any and all state law wage and hour claims and federal law wage and hour claims, as defined in Sections C6 and C7 of the Class Notice.

## V.    MAILING INSTRUCTIONS.

If you want to participate and receive a payment from this settlement, please mail this completed Settlement Claim Certification and Consent to Join Settlement Form to the Claims Administrator at the address listed below. Your fully and properly completed Settlement Claim Certification and Consent to Join Settlement Form must be postmarked on or before [**INSERT DATE**] or else you will forfeit any payment under this Settlement. Even if you file an objection to the Settlement, you must submit this form by the deadline in order to receive any payment under the Settlement in the event that your objection is overruled. The address of the Claims Administrator is:

> Rust Consulting, Inc.
> P.O. Box _____
> [address]
> Phone: _____
> Fax: _____

If you have any questions about completing this Settlement Claim Certification and Consent to Join Settlement Form, please call the Claims Administrator at [**INSERT TOLL-FREE TELEPHONE NUMBER**]

3

## VII. NON-RETALIATION.

I understand that JPMorgan Chase may not retaliate against me in any manner as a result of my submitting this Settlement Claim Certification and Consent to Join Settlement Form.

## VIII. PLEASE SIGN THE NEXT PAGE.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements made by me on this form are true and correct, and that I have read and understand the Class Notice.

## CONSENT TO JOIN SETTLEMENT CLASS

By signing below, I hereby consent to becoming a party plaintiff in *Davis, et al. v.*

*JPMorgan Chase & Co., et al.* pursuant to Section 16(b) of the Fair Labor Standards Act, and

authorize Class Counsel (as defined in Section B of the Notice of Class and Collective Action

Settlement ("Class Notice"), which I received together with this form) to act on my behalf in all

matters relating to this action, including the settlement of my claims.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

_____          _____

Print or Type Name                                Signature

                                                  _____

                                                  Date

1

## FORM C

### ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank
and Chase Manhattan Mortgage Corporation
United States District Court for the Western District of New York (Case No.: 01-CV-6492L)

Instructions: Please complete this form only if you do **not** want to participate in the Settlement that is described in the Notice Of Class and Collective Action Settlement ("Class Notice") that accompanies this form. If you choose to complete this form, the deadline for mailing it to the Claims Administrator is [** INSERT DATE **] (as evidenced by the postmark).

I.   PERSONAL INFORMATION

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

Social Security Number: _____

II.   REQUEST FOR EXCLUSION

By signing and returning this form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein. I understand this means that I will not receive any money or other benefits under the Settlement.

III.   MAILING INSTRUCTIONS

If you choose to return this form, you must return it to the Claims Administrator postmarked on or before [** INSERT DATE **] at the address listed below:

> JPMorgan Chase Bank, N.A. Claims Administrator
> Rust Consulting, Inc.
> P.O. Box _____
> [address]

In addition, you must send copies of this form to Class Counsel and Counsel for JPMorgan Chase, postmarked on or before [** INSERT DATE **] at the addresses listed below:

Class Counsel
J. Nelson Thomas
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

DB1/65408254

## FORM C

Counsel for JPMorgan Chase
Sam S. Shaulson
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Fax: (212) 309-6001

IV.    PLEASE SIGN BELOW.

I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me on this form are true and correct, and that I have read and understand the Class Notice.

Dated: _____

_____
(Signature)

_____
(Print Name)

If you have any questions about completing this Election To Opt Out Of Settlement And Class Action form, please call the Claims Administrator at [\*\* INSERT TOLL-FREE TELEPHONE NUMBER \*\*]

## EXHIBIT 3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. DAVIS, et al.. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| JPMORGAN CHASE & CO., JPMORGAN | ) |
| CHASE BANK, and CHASE MANHATTAN | ) |
| MORTGAGE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On _____, 2011, the Court heard a joint motion for preliminary approval of a settlement of class and collective actions by MICHAEL J. DAVIS, ELENA LOMBARDO, CAROL SMITH and ANDREW WHALEN (collectively referred to as "Class Representatives"), on behalf of themselves and all others similarly situated, and Defendants JPMORGAN CHASE & CO., JPMORGAN CHASE BANK and CHASE MANHATTAN MORTGAGE CORPORATION (collectively referred to as "Defendants"). The Court has considered the Joint Stipulation and Settlement Agreement ("Stipulation"), the proposed Notice of a Class and Collective Action Settlement ("Class Notice") and its attached forms and schedules, and the submissions of counsel, and hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this order (the "Preliminary Approval Order") will have the same meaning as defined in the Stipulation.

2.      The Court finds on a preliminary basis that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3.      The Court grants preliminary approval of the parties' Stipulation.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), the following class action (the "Class"): All individuals who were employed by JPMorgan Chase in the United States in a Covered Position either (A) at any time from September 8, 1999 through the date of this Order in any state other than New York, or (B) at any time from September 8, 1996 through the date of this Order in New York.

5.    Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), the following collective action (the "Collective Action"): All individuals who were employed by JPMorgan Chase in a Covered Position in the United States at any time from September 8, 1999 through the date of this Order.

6.    For purposes of this Preliminary Approval Order, "Covered Position" means (i) all non-supervisory underwriters, credit analysts and/or other positions whose main job responsibilities are or were to evaluate creditworthiness of Persons for individual loans or lines of credit and/or to decide whether JPMorgan Chase should issue individual loans or lines of credit to Persons, and including those positions with the job titles and job codes in the lines of business identified on Schedule 1, and (ii) which existed at JPMorgan Chase in the United States at any time during the Class Period, and (iii) which is or was treated as exempt from overtime at any time during the Class Period by JPMorgan Chase. For purposes of this Preliminary Approval Order, an individual will be considered to be employed in or to have been employed in a Covered Position only for the time period during which the Covered Position was treated as exempt from overtime by JPMorgan Chase. For purposes of this Preliminary Approval Order, "JPMorgan Chase" means, collectively, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One Acceptance Corp., Chase Home Finance LLC, Chase Auto

2

Finance Corporation, Chase Bank USA, N.A., Chase BankCard Services, Inc., and Chase Manhattan Mortgage Corporation.

7.      The Court appoints, for settlement purposes only, Plaintiffs Michael J. Davis, Elena Lombardo, Carol Smith and Andrew Whalen as representatives of the Class.

8.      The Court appoints, for settlement purposes only, the law firm of Thomas & Solomon LLP as "Class Counsel."

9.      The Court approves Rust Consulting, Inc. as the Claims Administrator to perform duties in accordance with Section VI, subsection 2.10 of the Stipulation.

10.     The Court finds that the procedures for notifying the Class about the settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Class Notice and the attachments thereto in accordance with the Stipulation.

11.     The Court approves, as to form and content, the proposed Class Notice, attached to the Stipulation as Exhibit 2, and the attached Change of Name and/or Address Information Form (Form A), Settlement Claim Certification and Consent to Join Settlement Form (Form B), Election to Opt Out of Settlement and Class Action Form (Form C). Job Titles and Job Codes Included Among Covered Positions (Schedule 1) and Specific State Statute of Claims Included Among Released Claims (Schedule 2). The Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Stipulation, to the Class and Collective Action members as provided in the Stipulation.

12.     Any written objection to the settlement must be filed with this Court no later than May 3, 2011.

3

13.     In the event that the Effective Date as defined in the Stipulation does not occur, the settlement and the Stipulation shall be deemed null and void and shall have no effect whatsoever, except for those provisions in the Stipulation relating to non-admissibility and non-admission of liability and those provisions relating to the return of documents and discovery. In such case, nothing in the Stipulation or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

14.     The parties are ordered to carry out the settlement according to the terms of the Stipulation.

15.     The Court will conduct a Fairness and Good Faith Determination Hearing on _____, 2011 at _____ a.m./p.m. for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and enhancement awards to the Class Representatives; (c) hearing any timely and properly filed objections; and (d) entering Judgment.   The Fairness and Good Faith Determination Hearing may be continued without further notice to Class Members. The parties shall file their motion for approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and Class Representatives' enhancement awards on or before _____, 2011.

IT IS SO ORDERED.

Dated: _____, 2011

                                        _____
                                        David G. Larimer
                                        United States District Judge

4

## EXHIBIT 4

[DEFENSE COUNSEL LETTERHEAD]

[DATE]

[STATE] Attorney General [NAME]
Office of the Attorney General
[ADDRESS]

Re:     Michael J. Davis, et al. v. JPMorgan Chase & Co., JPMorgan
        Chase Bank and Chase Manhattan Mortgage Corporation
        Case No. 01-CV-6492L (W.D.N.Y.)
        Notice pursuant to 28 U.S.C. §1715

Dear Attorney General [NAME]:

Defendants JPMorgan Chase & Co., JPMorgan Chase Bank and Chase Manhattan Mortgage
Corporation (collectively, "JPMorgan Chase") provide this notice pursuant to the Class Action
Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Pursuant to CAFA, you are not required to
comment on the settlement. Please note that an order giving final approval of a proposed
settlement may not be issued earlier than 90 days after the later of the dates on which the
appropriate Federal official and the appropriate State official are served with this notice. *See* 28
U.S.C. §1715(d).

The parties filed a Joint Stipulation and Settlement Agreement with the Court on
_____, 2011. The Court has not yet scheduled a hearing for final approval of the
settlement. In accordance with CAFA, JPMorgan Chase encloses copies of the following
documents in Appendix A:

  (1)    The Fifth Amended Class and Collective Action Complaint in the above-
         referenced action;

  (2)    The proposed forms of notification to class members of the proposed class and
         collective action settlement, which include the Notice of Class and Collective
         Action Settlement, the Settlement Claim Certification and Consent to Join
         Settlement Form, and the Election To Opt-Out Form; and

  (3)    The Joint Stipulation and Settlement Agreement in the above-referenced action.

Under the terms of the Settlement Agreement, the expected payment amounts to class members
will depend upon the number of class members who make claims under the Settlement, as well
as the amounts of attorneys' fees, litigation expenses, enhancement payments to class
representatives, and costs of claims administration that are awarded by the Court. Therefore, it is
not feasible to reliably estimate the proportionate share of the claims of the class members who
reside in your state. The formula for the allocation of the Net Settlement Amount will be based
on the number of calendar days in which each participating class member was actively employed
by JPMorgan Chase in a Covered Position during the period from September 8, 1999 (or
September 8, 1996 in New York) through the date the Court preliminarily approves the
Settlement, divided by 365/12, rounded to the nearest whole number ("Work Months"). It is

reasonably estimated that the number of class members identified as having a last-known home address in your state, according to JPMorgan Chase's available records, is _____.[1] It is estimated that the number of Work Months for the class members listed in the enclosed as having a last known home address in your state is _____, and the total number of Work Months for all class members who reside in any state is _____. Thus, the proportionate share of the claims of class members who reside in your state is currently estimated at _.__%.

Pursuant to CAFA, you are not required to comment on the settlement. However, if you have questions about this notice, the lawsuit, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact the undersigned Defense counsel.

Sincerely,

[DEFENSE COUNSEL]

Enclosures

---

[1] As noted above, this estimate is premised on information currently available to JPMorgan Chase. In the event that updated contact information is located by the Claims Administrator or by the parties during the administration process, there may be an additional number of individuals from your state who may be eligible to participate in this settlement.

[CLAIMS ADMINISTRATOR LETTERHEAD]

[DATE]

[CLASS MEMBER NAME AND ADDRESS]

Re: Michael J. Davis, et al. v. JPMorgan Chase & Co., JPMorgan
Chase Bank and Chase Manhattan Mortgage Corporation
Case No. 01-CV-6492L (W.D.N.Y.)

Dear [NAME]:

It appears that you have submitted inconsistent documentation with respect to whether you intend to participate in the above-referenced Class and Collective Action Settlement. Specifically, you have submitted an "Election To Opt Out Of Settlement And Class Action Form" and you have also submitted a "Settlement Claim Certification Form and Consent To Join Settlement Form."

Please complete the information below to indicate whether it is your intention to participate in the Settlement, and return this form by [**INSERT DATE**] to

Rust Consulting, Inc.
P.O. Box _____
[address]
Telephone: _____
Fax: _____

If this completed form is not received by [**NOTICE RESPONSE DEADLINE**], you will be deemed to have elected to participate in the Settlement and to receive any payment from the Settlement.

I. PERSONAL INFORMATION

Name (first, middle and last):_____

Home Street Address: _____ _____ _____

City, State, Zip Code: _____ _____ _____

Home Telephone Number: (____) _____

Social Security Number: _____ _____

DB1/65408305

II.    PLEASE CHOOSE ONE (AND ONLY ONE) OF THE FOLLOWING OPTIONS:

_____    I elect to opt out of participating in the Settlement. I understand
             this means that I will not receive any money or other benefits
             under the Settlement.

_____    I elect to participate in the Settlement. I understand that this means
             I am releasing all claims I have against JPMorgan Chase & Co.,
             JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One
             Acceptance Corp., Chase Home Finance LLC, Chase Auto Finance
             Corporation, Chase Bank USA, N.A., Chase BankCard Services,
             Inc., and Chase Manhattan Mortgage Corporation which are set
             forth in the "Notice of Class and Collective Action Settlement"
             that I previously have received and read.

If you have any questions, you may call the claims administrator toll free at [**PHONE
NUMBER**]

III.   PLEASE SIGN BELOW.

I certify under penalty of perjury under the laws of the United States of America that the
foregoing statements made by me on this form are true and correct

Dated: _____                   _____
                                           (Signature)

                                           _____
                                           (Print Name)

## EXHIBIT 6

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims ("Release") is made by and between *[NAME]*, on the one hand, and JPMorgan Chase, as defined below, on the other hand.

WHEREAS, *[NAME]* is a named plaintiff and class representative in the matter of Michael J. Davis, Elena Lombardo, Carol Smith and Andrew Whalen, and all others similarly situated, Case No. 01-CV-6492L (W.D.N.Y.), pending in the United States District Court for the Western District of New York ("Amended Action");

WHEREAS, through their respective counsel, the parties to the Amended Action, have signed a Stipulation and Settlement Agreement for the purpose of settling the Amended Action on a collective and class-wide basis; and

WHEREAS, Section 2.9.2 of the Stipulation and Settlement Agreement provides that *[NAME]*, as a class representative in the Amended Action, shall be entitled to compensation and consideration of an amount approved by the Court not to exceed $20,000 ("Enhancement Payment") and shall be required to sign (and not revoke) a full, general, and comprehensive release of claims as set forth in Section 1.9 of the Stipulation and Settlement Agreement;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving an Enhancement Payment as set forth in Paragraph 2.9.2 of the Stipulation and Settlement Agreement, the parties hereby agree as follows:

1.    *[NAME]* hereby agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One Acceptance Corp., Chase Home Finance LLC, Chase Auto Finance Corporation, Chase Bank USA, N.A., Chase BankCard Services, Inc., and Chase Manhattan Mortgage Corporation (collectively, "JPMorgan Chase"),

together with its and their parents, subsidiaries, affiliates, partners, joint ventures, predecessors, and successor corporations and business entities, past, present and future, and its and their agents, directors, officers, employees, shareholders, investors, insurers and reinsurers, representatives, attorneys, and employee benefit plans (and the trustees, administrators, fiduciaries, insurers, and reinsurers of such plans) past, present and future, and their heirs, executors, administrators, predecessors, successors, and assigns (collectively, the "JPMorgan Chase Releasees") of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, by [*NAME*] arising from the beginning of time until the date on which [*NAME*] executes this Agreement for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. The claims that [*NAME*] is releasing include, but are not limited to, claims arising from or dependent upon any and all applicable federal, state, and local laws and regulations including, but not limited to, claims arising from or dependent on the Arizona General Wages Statute, Ariz. Rev. Stat. §§23-350–362; the Arizona Equal Pay Law, Ariz. Rev. Stat. §§23-340–341; Ariz. Rev. Stat. §23-1501 *et seq.*; the Arizona Civil Rights Act, Ariz. Rev. Stat. §§41-1401 *et seq.*; the New York Minimum Wage Act, N.Y. Lab. Law §650 *et seq.*; Article 6 of the New York Labor Law, §190 *et seq.*; the New York Human Rights Law, N.Y. Exec. Law §290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 *et seq.*; the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.*; the Illinois Equal Wage Act, 820 Ill. Comp. Stat. 110/1 *et seq.*; the Illinois Equal Pay Act of 2003, 820 Ill. Comp. Stat. 112/1 *et seq.;* the Illinois

2

Whistleblower Act, 740 Ill. Comp. Stat. 174/1 *et seq.*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat 115/1 *et seq.*; and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat 105/1 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; and all of their implementing regulations. [*NAME*] agrees to waive any right to bring, maintain, or participate in a class, collective, or representative action against the JPMorgan Chase Releasees to the maximum extent permitted by law. [*NAME*] agrees that he/she may not serve as a representative of a class, collective, or representative action, may not participate as a member of a class, collective, or representative action, and may not recover any relief from a class, collective, or representative action. [*NAME*] further agrees that if he/she is included within a class, collective, or representative action, he/she will take all steps necessary to opt-out of the action or refrain from opting in, as the case may be.

2.     In waiving and releasing any and all claims set forth in this Agreement, whether or not now known to [*NAME*], [*NAME*] understands that this means that, if [*NAME*] later discovers facts different from or in addition to those facts currently known or believed to be true by [*NAME*], the waivers and releases of this Agreement will remain effective in all respects -- despite such different or additional facts and even if [*NAME*] would not have agreed to this General and Comprehensive Release of Claims if [*NAME*] had prior knowledge of such facts. [*NAME*] expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.     [*NAME*] represents that he has not filed any complaints, grievances, arbitration demands, charges, or lawsuits against the JPMorgan Chase Releasees with any governmental agency, union, arbitration forum, or court.

4.     This Release shall not in any way be construed as an admission by the JPMorgan Chase Releasees that they have acted wrongfully with respect to [*NAME*] or any other persons, and the JPMorgan Chase Releasees specifically disclaims any liability to or wrongful acts against [*NAME*] or any other person.

By signing below, I hereby acknowledge that:

(1) I have read and understand the terms and conditions of this Release and that I affix my signature hereto voluntarily and without coercion;

(2) I was provided more than 21 days within which to consider the Release before executing it;

(3) I have been advised in writing through this Release to consult with an attorney prior to executing this Release;

(4) I am signing this Release voluntarily and knowingly in exchange for the consideration described herein to which I otherwise would not be entitled;

(5) I do not waive rights or claims under that may arise after the date I execute this Release is executed; and

(6) I may revoke this Release within seven calendar days after signing it, but that if I do, I will forfeit any entitlement to an Enhancement Payment. This Release shall not be effective or enforceable until the expiration of this 7-day revocation period.

IN WITNESS WHEREOF, after carefully reading this document in its entirety and fully understanding the significance of all of its terms and provisions, and intending to be legally

bound, [*NAME*] hereby executes the foregoing General and Comprehensive Release of Claims

this _____ day of _____, 20___.

_____

[*NAME*]