# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Samuel R. Miller
Paul W. Mollica
———
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Jennifer Liu
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Juno Turner

*Advocates for Workplace Fairness*

February 14, 2011

**By ECF**
The Honorable David G. Larimer
District Court for the Western District of New York
100 State Street
Rochester, NY 14614

Re:    *Davis v. JP Morgan Chase & Co.*, 01-Civ-6492L(B)

Dear Judge Larimer:

We represent the plaintiffs in *Pickle v. JP Morgan Chase & Co.*, 10-Civ-2791, an action brought by multiple current and former JPMC mortgage underwriters asserting misclassification claims on a class and collective action basis. *Pickle* is pending before the Honorable Richard J. Sullivan in the United States District Court for the Southern District of New York. The *Davis* settlement submitted this past Friday night appears to attempt to release the claims of the *Pickle* plaintiffs and all class members they seek to represent. In light of Plaintiffs' several significant concerns regarding the settlement, Plaintiffs respectfully request that the Court postpone the preliminary approval hearing scheduled for tomorrow, February 15, 2011, so that the Court may consider our concerns before ruling on settlement approval.[1] Plaintiffs' concerns are summarized below:

First, the proposed settlement notice is not the "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(C)(2)(b), because it fails to mention the *Pickle* case or the two other pending parallel actions brought by class members in this case. The Second Circuit has "strongly encourage[d]" district courts to include information about pending related actions in settlement class notices. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 n.22 (2d Cir. 2005) (citing cases); *see also Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (holding that the settlement notice satisfied Rule 23 because it gave information about pending related actions, which the "district court ordered . . . be included in the notice in response to concerns expressed by . . . objectors at the preliminary approval hearing"). "Obviously, this information is helpful to class members." *Wal-Mart Stores*, 396 F.3d at 116 n.22.

---

[1] We note that after finalizing the settlement for over six months, the Davis parties filed their motion for preliminary approval roughly one court day before the preliminary approval hearing. For the parties to propose such an incredibly tight timeframe, knowing that parties in related litigation have raised concerns about the settlement, suggests that the *Davis* parties are hoping to avoid careful scrutiny of the settlement.


3 Park Avenue, 29th Floor New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
191 Post Road West, Westport, CT 06880   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

Hon. David G. Larimer
February 14, 2011
Page 2 of 3

Here, recipients of the notice will need to determine whether to participate in the settlement and accept a negotiated amount or to opt out and attempt to recover full damages. Knowing that there are other JPMC underwriters already engaged in that effort is relevant to this determination. In the absence of that disclosure, settlement class members will likely conclude that the proposed *Davis* settlement is the only viable option – even if she or he believes that they should receive a more substantial payment based on the facts of their individual claims.[2]

Second, the settlement appears to seek to certify a single Rule 23 settlement class comprising all fifty states. One problem with this approach is that there appear to be no class representatives for the proposed state law classes, so that class members in those states are adequately represented. The other problem is that a nationwide state-by-state class cannot satisfy Rule 23(b)(3)'s predominance standard because it fails to account for material variations in state laws (including whether a particular state even statutorily protects overtime payments).

Third, Plaintiffs' and JPMC's joint motion fails to provide sufficient information to allow the Court to evaluate the settlement in light of the possible recovery, including the risks of proceeding with litigation or JPMC's estimated exposure. The proposed settlement and supporting motion papers also fail to explain what specific due-diligence efforts where undertaken by Plaintiffs' counsel (other than a passing reference to "a number of depositions," and no reference to whether Plaintiffs' counsel interviewed class members besides the four named plaintiffs) in advance of this proposed nationwide settlement.

Fourth, the release language appears to be too broad, because it would release claims that are not asserted in the litigation (including, importantly, claims arising during times when class members were classified as hourly, which has not been the subject of this litigation). It is very likely that those claimed were not bargained over during settlement negotiations. Thus, a release of those claims appears to be inappropriate.

We thank the Court for its consideration of our request. Should the Court postpone the hearing, we respectfully ask permission to supplement our letter with a fuller treatment of the issues. Should the Court deem preliminary approval of the existing settlement to be warranted, we respectfully request that the Court instruct the parties to provide information about the related litigation in the notice.

Respectfully submitted,

/s
Justin M. Swartz

---

[2] The Federal Judicial Center's 2010 "Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide," published at http://www.fjc.gov/public/pdf.nsf/lookup/ NotCheck.pdf/ $file/NotCheck.pdf, cautions courts, when evaluating whether "the notices contain sufficient information for a class member to make an informed decision," to "[w]atch for omission of information that the lawyers may wish to obscure (such as the fee request) but that affects class members nonetheless." Guide at p. 5.

Hon. David G. Larimer
February 14, 2011
Page 3 of 3

cc:     Samuel Shaulson (via ECF)
        Carrie Gonell (via ECF)
        Samual Estreicher (via ECF)
        Todd A. Gutfleisch (via ECF)
        Jules L. Smith (via ECF)
        James F. Clapp (via ECF)
        Marita Launinger (via ECF)
        Zach P. Dostart (via ECF)
        J. Nelson Thomas (via ECF)
        Michael J. Lingle (via ECF)
        Cristina A. Douglass (via ECF)
        Kelly M. Dermody
        Jahan C. Sagafi
        Adam T. Klein