UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. DAVIS, et al.
*and all others similarly situated,*

                                        *Plaintiffs,*

                *versus*

JPMORGAN CHASE & CO.,
JPMORGAN CHASE BANK,
CHASE MANHATTAN MORTGAGE
CORPORATION,

                                        *Defendants.*

**Civil Action No.
01-CV-6492L**


**PLAINTIFFS' RESPONSE TO THE *COLE* OBJECTIONS TO THE PARTIES'
PROPOSED NOTICE CONCERNING SETTLEMENT**


**THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540


Of Counsel:   J. Nelson Thomas
              Michael J. Lingle

## PRELIMINARY STATEMENT

As the Court is aware, the copycat plaintiffs in the action *Cole v. J.P. Morgan Chase &amp; Co.*, CV 10-00632 (C.D. Cal. 2010), have submitted objections to the parties' thorough and comprehensive proposed notice of settlement in this case (*see* Docket No. 185-2, Ex. 2).  Each of their objections is without merit.

First, the *Cole* plaintiffs assert that the notice should include a statement that class members will receive no recovery for claims while they worked as hourly employees.  Not only would this be confusing and misleading given that all class members stand to receive recovery from the settlement, the notice more than sufficiently informs class members both of their potential recovery and the release.  What the *Cole* plaintiffs request would simply result in a confusing and misleading notice to class members concerning the compensation they are to receive pursuant to the settlement.

Second, the *Cole* plaintiffs suggest that information concerning their case, their counsel and that they object to the settlement should be included in the notice.  Given that the *Cole* case has not been certified under either Rule 23 or the FLSA and that the case has been stayed, such information provides absolutely no helpful information to the class members in this case.  Indeed, it is not even clear what action a class member in this case could take based on such information given that the *Cole* case is stayed (*see* CV 10-00632 (C.D. Cal.), Docket No. 57) and no class has been certified.  Ultimately, this is nothing more than the *Cole* plaintiffs' attempt to use the settlement in this case as an opportunity to solicit

class members for their case (or more problematically to drum up objectors and opt-outs for this case) which should not be allowed.[1]

Third, the *Cole* plaintiffs argue that the description of how the monthly settlement payments are calculated is incorrect.  Again, the *Cole* plaintiffs are incorrect.  The notice accurately describes how the net settlement is calculated and how it is to be distributed among the class members.

Last, the *Cole* plaintiffs quibble with the description of what happens if a class member does not respond at all to the notice.  As with the other sections, the notice accurately describes the effect on a class member of taking no action: class members who take no action will release their state law claims and will not receive any recovery under the settlement.

Thus, the objections are wholly without merit and should be rejected.

## ARGUMENT

## I.   THE PROPOSED NOTICE IN THIS CASE FULLY MEETS ALL APPLICABLE REQUIREMENTS

Rule 23 requires that "the court must direct to class members the best notice that is practicable under the circumstances…The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting

---

[1]     Among their objections, the *Cole* plaintiffs argue that the payments per work month need to be disclosed in the notice.  Of course, such information will be filled in before the notice is sent to the class members.

exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The notice addresses each of these issues.

The notice discusses the nature of the action, the class certified and the claims, issues and defenses.  *See* Docket No. 185-2, Proposed Notice at 1-2.  The notice goes on to explain how a class member can request to be excluded, including the deadline for their submission, and that they may object personally or through an attorney.  *See* Docket No. 185-2, Proposed Notice at 7.  In addition, the notice fully describes the binding effect of the settlement through the release of the claims at issue.  *See* Docket No. 185-2, Proposed Notice at 5-6.

Thus, the parties' proposed notice fully complies with all requirements of Rule 23 and nothing more is required.  For this reason, the objections should be rejected.

## II.     THE *COLE* OBJECTIONS TO THE PROPOSED NOTICE ARE MERITLESS

None of the objections to the proposed notice raised by the plaintiffs in *Cole* have any merit.   Instead, the objections either misconstrue the settlement agreement or suggest changes which are misleading or unnecessary.  Thus, the objections should be disregarded.

### A.     Release of Claims

To start, the plaintiffs in *Cole* proclaim that the settlement notice should tell employees that they are receiving no compensation for certain potential claims.  The *Cole* plaintiffs are plainly wrong.

There is absolutely no class member who will receive *nothing* under the terms of the settlement agreement.  In fact, most are likely to receive a substantial recovery as a result of this settlement and the notice informs them of the anticipated minimum amount that is expected to be paid to each class member for each work month.  *See* Docket No. 185-2,

Proposed Notice at 4.  Thus, any statement suggesting otherwise, as requested by the plaintiffs in *Cole*, is confusing and misleading.

In addition, the notice clearly explains the claims being released by class members who participate in the settlement.  *See* Docket No. 185-2, Proposed Notice at 5-6.

As a result, the notice informs class members both of their minimum anticipated recovery and the claims that they are releasing.  If class members do not feel the compensation they will receive is sufficient for the claims they are releasing, they are free to object or opt-out.  However, the notice already provides the class members with information sufficient for them to make that decision – nothing more is necessary and certainly not the confusing, misleading changes suggested by the *Cole* plaintiffs.

**B.      Information Concerning the *Cole* Case**

Next, the plaintiffs in *Cole* unabashedly attempt to turn the settlement in this case into an opportunity to solicit employees to join their case by suggesting that information concerning the *Cole* case be included in the notice.  This should not be allowed.

To start, the cases relied on by the plaintiffs in *Cole* fail to support their argument.  In fact, neither of the cases they cite *mandated* that information concerning another case be included in a settlement notice.  *See Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1286 (9th Cir. 1992).  Far from requiring a notice to include such information, the cited cases merely noted that such information had been included, most likely by agreement of the parties.  Thus, the *Cole* plaintiffs have failed to provide any legal support for the objection.

Nevertheless, to further their ruse, the *Cole* plaintiffs suggest that the class members

should be notified of their case because they subjectively believe they have "significant enough" objections.  Yet, their proposed language highlights just one of their objections – that the settlement does not provide "adequate compensation" to the class members.

First, their proposed language will only have the effect of misleading class members. Including information concerning the *Cole* case suggests to class members that alternative options currently exist to pursue their claims when in fact no such alternative exists.  Indeed, not only is the *Cole* matter stayed, it has not been certified as a class or collective action.  As a result, whether class members could actually participate in that case is an open (and risky) proposition.  And, in any event, there is no prospect for receiving any compensation from that case any time in the near future.  Thus, it is far from clear how awareness of the *Cole* action provides any relevant information to class members concerning the settlement here or about other options they currently have available to them.

The proposed language is misleading in at least one other way.  Including the language in the notice suggests that contacting the *Cole* attorneys could affect class members' compensation.  Indeed, the *Cole* plaintiffs want to leave class members with the misleading take-away message that they should contact counsel for *Cole* to rectify the inadequate compensation provided by the settlement in this case.  Not only is there no basis to conclude that the compensation is in any way inadequate, there is no reason to believe that the *Cole* case will result in anything more for class members.  To the contrary, given the contrast in procedural posture and history, it is much less likely that the *Cole* plaintiffs will be able to achieve a result commensurate with that achieved here.

Second, the *Cole* plaintiffs' proposed language ("adequate compensation") belies their

stated purpose (notifying class members of objections).  That is, at bottom, the "objection" is nothing more than a blatant attempt by the *Cole* plaintiffs' counsel to solicit class members through this settlement.  Indeed, their proposed language specifically mentions the one issue undoubtedly calculated to result in the most telephone calls from class members to plaintiffs' counsel in the *Cole* matter.  Including this proposed language ignores the mandate for the notice to provide class members with information about the settlement in *this* case, not about the unsupported opinions from attorneys who filed copycat litigation in other stayed cases.

Ultimately, the notice already informs class members of the steps they should take if they have any issues with the settlement, including the total amount of the settlement.  To the extent class members desire to challenge the adequacy of the settlement, they can object.

**C.     Calculation of Settlement Payments**

The *Cole* plaintiffs suggest that the notice does not accurately describe how the settlement payments are calculated.  Again, they are simply wrong.

The notice describes exactly how each class member's amount is calculated.  The total settlement fund is reduced by the administrative costs (including attorneys' fees and costs, claims administration expenses, class representative payments, the payment to the California Labor and Workforce Development Agency, and any amounts attributable to those who opt-out of the settlement) and the remaining amount is disbursed to class members based on their total work months in a covered position.

Thus, the notice accurately describes how class member payments will be calculated.

**D.     Class Members Who Do Nothing**

Finally, the plaintiffs in *Cole* complain that the notice fails to inform employees that

they retain their right to pursue claims under the FLSA if they do not respond to the notice. Given the contents of the notice overall, the notice makes it clear for class members that doing nothing preserves their FLSA claims.  In fact, Section H specifically omits any mention of a release of FLSA claims and states only that the state law claims will be released if a class member does not take any action.  Thus, the notice provides clear and sufficient information to a class member about the claims that they will and will not be releasing by not taking any action in response to the notice.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully request that this Court approve the parties' proposed notice and deny the objections submitted by the plaintiffs in the *Cole* matter.

Dated: March 11, 2011

**THOMAS & SOLOMON LLP**

By:     s/ J. Nelson Thomas
        J. Nelson Thomas, Esq.
        Michael J. Lingle, Esq.
        *Attorneys for Plaintiffs*
        693 East Avenue
        Rochester, New York 14607
        Telephone:  (585) 272-0540
        Facsimile: (585) 272-0574
        nthomas@theemploymentattorneys.com
        mlingle@theemploymentattorneys.com