UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL J. DAVIS, and all others similarly situated,
ELENA LOMBARDO,
CAROL SMITH,
ANDREW WHALEN,
DANIEL J. McGRAW,

                              Plaintiffs,

                                                                                 DECISION AND ORDER

                                                                                   01-CV-6492L

                  v.

J.P. MORGAN CHASE & CO.,

                              Defendant.
_____

## INTRODUCTION

       This action was brought by five individual plaintiffs, on behalf of a class of persons, against J.P. Morgan Chase & Co. ("Chase") and several other defendants, alleging that Chase employed plaintiffs, and that Chase had misclassified plaintiffs as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and New York state law, and that as a result, plaintiffs were not paid overtime when they worked more than forty hours per week.

       Pursuant to a stipulation entered December 4, 2002 (Dkt. #31), this action was then litigated by plaintiff Andrew Whalen, who was acting as a "test plaintiff" for purposes of the class claims in his case. After this Court granted summary judgment for Chase based on the FLSA's exemption for administrative employees, *see* 569 F.Supp.2d 327 (W.D.N.Y. 2008), the Court of Appeals for the Second Circuit reversed, 587 F.3d 529 (2d Cir. 2009), holding that "Whalen was not employed in a bona fide administrative capacity." *Id.* at 537.

       The action was then reopened in this Court, and a fourth amended complaint (Dkt. #136) was filed by four of the original five plaintiffs, Michael Davis, Elena Lombardo, Carol Smith and Andrew Whalen. Plaintiffs filed a fifth amended complaint (Dkt. #181) on February 11, 2011, and on that same date they filed a motion for an order preliminarily approving a settlement of this action

(Dkt. #183). That settlement, if approved, would result in the complaint and Chase's counterclaims being dismissed with prejudice.

Prior to the filing of the motion for approval of the settlement, however, Cynthia Cole and three other individuals ("*Cole* plaintiffs") had moved to intervene in this action (Dkt. #158). The *Cole* plaintiffs have filed an action against Chase in the Central District of California ("*Cole* action"), asserting claims similar to those in this action.

In addition, two other individuals, Gayla Pickle and Carol Hughes ("*Pickle* plaintiffs") have moved to join in the *Cole* plaintiff's motion to intervene (Dkt. #166). The *Pickle* plaintiffs have filed an action in the Southern District of New York ("*Pickle* action"), also asserting claims similar to those here. Both the *Cole* and *Pickle* actions are currently stayed pending this Court's decision as to whether to approve the proposed settlement in the instant case.

The *Cole* plaintiffs have filed objections both to the proposed settlement in this case (Dkt. #197), and to the proposed notice informing the class members in this action of the proposed settlement (Dkt. #198). The *Pickle* plaintiffs have also submitted a letter from their attorney (Dkt. #188) expressing their "concerns" concerning both the proposed settlement and the proposed notice, as well as written "comments" on the proposed notice (Dkt. #194).[1]

## DISCUSSION

### I. Motions to Intervene

The *Cole* and *Pickle* plaintiffs (collectively "proposed intervenors") have moved to intervene in this action, ostensibly to protect the rights of class members in the *Cole* and *Pickle* actions, whose claims, they contend, would be extinguished as a result of the proposed settlement in this case.

---

[1] A third action against Chase, *Ebert v. JP Morgan Chase & Co.*, No. 4:10-cv-00894, has been filed in the Southern District of Texas. That action is currently stayed in favor of the pending settlement in the instant case. The *Ebert* plaintiffs also have not filed any objections here or otherwise sought to intervene in this action.

"Under Federal Rule of Civil Procedure 23, a class action cannot be settled without the approval of the District Court. *See* Fed. R. Civ. P. 23(e). The District Court must carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citations omitted). FLSA settlements also require court approval. *See Misiewicz v. D'Onofrio Gen'l Contractors*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) ("[s]tipulated settlements in a FLSA case must be approved by the Court").

Although plaintiffs in the case at bar have moved for approval of the settlement of both their FLSA and state law claims, the proposed intervenors' motion principally concerns the Rule 23 class action, asserting claims under state law. Unlike a Rule 23 class action, which typically "binds all members of the class unless they have expressly opted out of the class action," in a collective action under the FLSA, a class member "must opt *in* to be bound." *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (emphasis added). Thus, on a motion to approve the settlement of both an FLSA collective action and class-action claims under state law, the court must be particularly sensitive to the due process concerns implicated by the latter. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011) ("The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement").

After considering the matter, I deny the proposed intervenors' motion to intervene. Intervention is not necessary here to protect the proposed intervenors' or other class members' interests, and there are alternatives open to them which would be less disruptive to these proceedings and to the interests of the settling parties.

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires the court to permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file

a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 197 (2d Cir. 2000).

Rule 24(b)(1)(B) allows the court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion [under that rule] the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In the case at bar, some of these factors, and the arguments advanced by the proposed intervenors in support of their motions, have already been addressed by the United States Judicial Panel on Multidistrict Litigation ("Judicial Panel"). On August 6, 2010, the Judicial Panel issued an order (Dkt. #158-8) denying centralization of this action, the *Pickle* action, and *Ebert* action (*see* n.1, *supra*). The *Pickle* plaintiffs sought centralization of all the actions in the Southern District of New York. The other parties all supported centralization here in the Western District of New York.

Denying the *Pickle* plaintiffs' request, the Judicial Panel stated that "[d]espite the fact that all parties now support centralization, we are not persuaded that significant efficiencies will be gained by centralization of this litigation at this late date, particularly in light of the substantial disparity in the progress of the actions." *Id.* Noting that the parties to the *Davis* action in this district had "announced that they had reached a tentative nationwide settlement," the Judicial Panel stated that "[p]laintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the purported nationwide settlement and direct any concerns regarding the further adjudication of their claims to Judge David G. Larimer at a fairness hearing concerning the proposed settlement in *Davis*." *Id.*

The Judicial Panel's observations are directly on point here. The proposed intervenors' interests in this action can be fully protected at the fairness hearing for final approval of the settlement. *See* Fed. R. Civ. P. Rule 23(e)(2) (providing that "[i]f the propos[ed settlement] would bind class members, the court may approve it only after a hearing and on finding that it is fair,

reasonable, and adequate"). In addition, any class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately.

In an analogous case, *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2011 WL 37970 (E.D.Mich. Jan. 5, 2011), after the parties agreed to settle the plaintiffs' claims under the FLSA and Michigan law, plaintiffs from two actions that had been filed in California moved to intervene in the Michigan action, seeking, *inter alia*, to conduct discovery regarding the parties' conduct during settlement negotiations to determine whether the settlement was a result of collusion.

Denying the motion to intervene, the court stated that while there was no dispute that the proposed intervenors' motion was timely and that they possessed an interest in the settlement of the nationwide claims at issue in the case, the proposed intervenors had failed to show that intervention was necessary to protect their legally protected interests. The court stated that the "Proposed Intervenors may simply choose not to join this action and they will not be bound by it," and that "[a]lternatively, should Proposed Intervenors choose to join this settlement, but also wish to object to it, they may voice their concerns in writing and in person at the fairness hearing." 2011 WL 37970, at *2-*3. Adding that permitting intervention would delay the potential resolution of the case, prejudice both the plaintiffs and the defendants, and "likely offer little to no benefit to the potential class members, given that the settlement took nearly six months to put together and already reflects the parties' final bargaining positions," the court concluded that intervention was not warranted under either Rule 24(a)(2) or 24(b), and that "[i]f the class members do not wish to take advantage of the settlement, they can choose not to join it." *Id.* at *4.

Courts in other cases have reached similar results, for similar reasons. *See, e.g.*, *Grilli v. Metropolitan Life Ins. Co., Inc.*, 78 F.3d 1533, 1536-38 (11th Cir. 1996) (district court did not abuse discretion in denying motion to intervene, based on court's conclusions that proposed intervenors could protect their interest either by opting out of the class and litigating separately, or by remaining in the case and, if they thought the proposed settlement was unfair, by objecting to it); *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 263-64 (D.Del. 2002) (denying motion to intervene, and noting that "the court provided every class member who did not opt out with the

opportunity to present argument or evidence of the unfairness of the settlement in writing and/or orally at the fairness hearing").

The Court is also mindful that "[t]he Second Circuit has noted on several occasions that 'jeopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit." *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 490 (S.D.N.Y. 1998) (quoting *United States v. Pitney Bowes*, 25 F.3d 66, 72 (2d Cir. 1994)) (other citations omitted). *See also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 706-07 (7th Cir. 2001) ("Relevant factors to consider in ruling on a motion for permissive intervention include whether the request ... would unduly delay or prejudice the adjudication of the rights of the original parties"). In addition, there is a presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel, and the burden is on the proposed intervenors to rebut that presumption. *In re Pet Food Products Liability Litigation*, 629 F.3d 333, 349 (3d Cir. 2010); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 315 (3d Cir. 2005); *NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. at 491.

The proposed intervenors in the case at bar have not overcome that presumption. In addition, to the extent that they seek discovery, such requests are generally looked upon with disfavor, absent some evidence of collusion in the settlement negotiations, because of "the potential for undermining the settlement process." *Vollmer*, 248 F.3d at 708. *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) ("Because of this jeopardy to the settlement, the district court did not abuse its discretion when it concluded that the prejudice to the existing parties outweighs any prejudice to appellant and denied appellant's motion to intervene"). *See also In re Holocaust Victim Assets Litigation*, 225 F.3d 191, 198 (2d Cir. 2000) ("We have affirmed a denial of a motion to intervene where granting intervention would have jeopardized a settlement") (citations omitted).

That is not to say, of course, that such discovery is never warranted, or that the presumption cannot be overcome. *See, e.g.*, *Community Bank*, 418 F.3d at 315 (remanding case to district court for "closer scrutiny" of proposed settlement, where record showed that class counsel failed to assert what appeared to be facially viable claims, conducted no formal discovery, and negotiated an

extremely generous fee). In the case at bar, however, the proposed intervenors have offered virtually no factual basis in support of their assertions that their interests are not adequately represented by plaintiffs in the case at bar. Furthermore, as stated, any class members who believe that their interests will not be fully protected by the proposed settlement will have the opportunity to opt out of the settlement and pursue their own separate claims.

**II. Motion for Preliminary Approval of Settlement**

Plaintiffs and defendants in the case at bar have jointly moved for an order provisionally approving their proposed settlement of this action. The parties' motion (Dkt. #183) also requests that the Court: (1) preliminarily certify a settlement class; (2) approve the parties' proposed notice to class members of the pendency of this action and the proposed settlement; (3) set a date for a fairness hearing for final approval of the settlement; and (4) appoint the named plaintiffs as class representatives, and their counsel as class counsel. The proposed intervenors have submitted papers in opposition to the parties' joint motion, arguing that the proposed settlement is flawed in a number of respects, and that the Court should deny the motion.

"Preliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D.Conn. 2010) (quoting *In re Traffic Executive Association-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980)). A proposed settlement of a class action should therefore be preliminarily approved where it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citation omitted). *Accord Collins v. Cargill Meat Solutions Corp.*, No. 1:10-CV00500, 2011 WL 837140, at *6 (E.D.Cal. Mar. 9, 2011); *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009).

In the case at bar, I find that the movants have carried that burden. The proposed settlement appears to be the result of arms-length negotiation between experienced counsel for both sides, and appears to strike a reasonable balance between the plaintiffs' claims, their likelihood of success at trial, and the risks to both sides of going to trial. Again, to the extent that the proposed intervenors have particular objections to the terms of the proposed settlement, there is no reason why those concerns cannot be fully and adequately aired at the fairness hearing and in the context of the Court's decision whether to finally approve the settlement. *See Dennis v. Kellogg Co.*, No. 09-CV-1786, 2010 WL 4285011, at *4 (S.D.Cal. Oct. 14, 2010) ("Given that some of these factors [relating to whether to approve a settlement] cannot be fully assessed until the Court conducts the Final Approval Hearing, a full fairness analysis is unnecessary at this [preliminary approval] stage") (internal quote omitted); *In re Packaged Ice Antitrust Litigation*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D.Mich. Aug. 2, 2010) ("The court's task is to determine whether a proposed class action settlement deserves preliminary approval and lay the groundwork for a future fairness hearing") (internal quote omitted).

**III. Class Certification**

The parties request that the Court conditionally certify, for settlement purposes only, a class pursuant to both Rule 23 (as to the claims under state law) and the FLSA, 29 U.S.C. § 216(b). The Second Circuit has held that a district court may conditionally certify a class under Rule 23, provided that the requirements of Rule 23(a) and (b) are met. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).

The proposed intervenors object to the request for conditional class certification, arguing that plaintiffs in the instant action have not demonstrated that their overtime claims under New York law are sufficiently similar to non-New York class members' claims under California or other state laws, or that the plaintiffs here can adequately represent such other class members.

I am not persuaded by those arguments. Although the Second Circuit has cautioned that the "requirements [of Rule 23(a) and (b)] should not be watered down by virtue of the fact that the

settlement is fair or equitable," the court has made clear that "if the requirements of Rule 23(a) and (b) are met, certification may be granted, conditionally or unconditionally." *Id. See also Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009) (stating that courts should grant conditional certification of a class for settlement purposes where the requirements of Rule 23(a) and (b) have been met, and adding that "[i]n deciding certification, 'courts must take a liberal rather than restrictive approach in determining whether the plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class'") (quoting *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72 (E.D.N.Y. 2004)).

Plaintiffs have satisfied the numerosity, commonality, typicality and adequacy requirements of Rule 23, and have also shown the existence of common issues of law and fact. The proposed class here comprises over 5000 persons who were allegedly affected by defendant's policies concerning the classification of certain employees as exempt under federal and state overtime laws. It further appears that a class action would be superior to other methods for adjudicating these claims. *See, e.g., Lindsay v. Government Employees Ins. Co.*, 251 F.R.D. 51, 57 (D.D.C. 2008) ("Many courts have concluded that 'permitting New York Labor Law claims to proceed as Rule 23(b)(3) class actions, along with FLSA collective actions, is a superior method' for adjudicating plaintiffs' claims–at least where, as here, plaintiffs' state law claims are based on the same facts as their federal law claims") (quoting *Trinidad v. Breakaway Courier Systems, Inc.*, No. 05-4116, 2007 WL 103073, at *9 (S.D.N.Y. Jan. 12, 2007)).

The proposed intervenors contend that plaintiffs have failed to show that their claims under New York law are similar to other class members' claims under other states' laws. It is true that "[t]o render certification of a proposed multi-state class action appropriate, plaintiff must credibly demonstrate through an extensive analysis of state law variances, that class certification does not present the court with 'insuperable obstacles.'" *Jim Ball Pontiac-Buick-GMC, Inc. v. DHL Exp. (USA), Inc.*, No. 08cv00761, 2011 WL 815209, at *7 (W.D.N.Y. Mar. 2, 2011) (quoting *Adams v. Kansas City Life Ins. Co.*, 192 F.R.D. 274, 278 (W.D.Mo. 2000) (additional internal quote omitted).

*See also Barrus v. Dick's Sporting Goods*, 732 F.Supp.2d 243, 254 (W.D.N.Y. 2010) (failure to provide extensive analysis of state law variations is grounds for decertification).

That class members have claims under the laws of different states does not necessarily preclude certification, however. "[I]f a claim is based on a principle of law that is uniform among the states, class certification is a realistic possibility." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1262 (11th Cir. 2004). "Similarly, if the applicable state laws can be sorted into a small number of groups, each containing materially identical legal standards, then certification of subclasses embracing each of the dominant legal standards can be appropriate." *Id.*

In addition, it must be borne in mind that certification is sought here for settlement purposes, not for trial. The significance of this was explained by the Court of Appeals for the Third Circuit in *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004), the parties sought class certification of a single nationwide class for the purposes of settlement. The class alleged claims under state consumer and antitrust laws of all fifty states. *Id.* at 529. The Third Circuit held that the variations in the states' laws did not defeat the commonality and predominance requirements in the settlement context because the state-law distinctions impact trial manageability, which is relevant principally with respect to litigation at trial. *Id.* at 529-30. *See also Community Bank*, 418 F.3d at 299 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial").

It also bears repeating that this certification is conditional at this point, and that a more searching inquiry may be made in connection with the Court's later decision whether to grant final approval of the settlement. To the extent that class members who do not opt out believe that any differences between New York law and the law of their jurisdiction renders the plaintiffs here inadequate class representatives, such concerns can be fully aired at the fairness hearing. *See*, *e.g.*, *In re Motor Fuel Temperature Sales Practices Litigation*, 258 F.R.D. 671, 680 (D.Kan. 2009) (preliminarily certifying proposed settlement class, "subject to plaintiffs' demonstration at the final approval hearing ... that the requirements of Rule 23(a) and (b)(3) are clearly satisfied"); *Stefaniak*

*v. HSBC Bank USA, N.A.*, No. 05-CV-720, 2008 WL 314417, at *2 (W.D.N.Y. Feb. 4, 2008) (noting that "[i]f the proposed settlement is not finally approved by the Court ... , this conditional class certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter").

**IV. Notice to Class Members**

The proposed intervenors have also objected to the form and contents of the proposed settlement notice submitted by the parties. In particular, they contend that the notice should include information about, *inter alia*, the pendency of the *Cole*, *Pickle*, and *Ebert* actions, and the *Cole* and *Pickle* plaintiffs' objections to the proposed settlement.

Rule 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [settlement] proposal." Beyond that, the rule sets forth no specific requirements for the notice. Interpreting the rule, however, the Second Circuit has stated that

> [t]he standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." Notice is "adequate if it may be understood by the average class member."

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005) (internal citations omitted). *See also McReynolds v. Richards-Cantave*, 588 F.3d 790, 804 (2d Cir. 2009) ("[t]he notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance") (quoting *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983)) (additional internal quote omitted).

In *Wal-Mart Stores*, the Second Circuit discussed whether a settlement notice must or should include information about other related litigation. *Wal-Mart Stores* was a class action by a group of retail merchants who asserted antitrust claims against two credit card companies. The district court approved a settlement of the claims, and eighteen merchants, out of a class of approximately

- 11 -

five million, filed objections to the settlement. Two of the objecting merchants, Pasta Bella and NuCity, contended on appeal that they were denied due process because the notices sent to class members did not specifically apprise class members that approval of the settlement would release the pending claims in two class actions that had previously been brought by Pasta Bella and NuCity.

The Court of Appeals held that because the settlement notice quoted the settlement's release in its entirety, the notice sufficiently apprised class members of the scope and effect of the release, and that nothing more was required. The court stated that it "agree[d] with the district court and d[id] not believe that due process requires further explanation of the effects of the release provision in addition to the clear meaning of the words of the release." *Id.* at 116 (internal quote omitted).

In a footnote, however, the court noted that "class notices do sometimes include specific reference to pending actions. Obviously, this information is helpful to class members. We strongly encourage the inclusion of such information in the future." *Id.* at 116 n.22 (citations omitted).

The parties here are thus correct that there is no *requirement* that a settlement notice advise class members of the pendency of parallel litigation in another forum. This Court, however, cannot simply ignore the Second Circuit's "strong[] encourage[ment]" that such information be included in settlement notices.[2] If class members are to make informed decisions about what steps to take in response to the notice, it would indeed be helpful for them to be aware that other actions have been filed against these defendants, involving claims similar to those here.

At the same time, however, I do not agree with the proposed intervenors' proposal that the notice should include information concerning the proposed intervenors' objections to the settlement.

---

[2]At oral argument in this case, counsel for defendants here attempted to distinguish *Wal-Mart* on the ground that "in none of the other actions in this case has there been a certified class. There was a certified class in the *Wal-Mart* case, so ... it would make sense to notify individuals who already received notice that their claims in that case that they've received notice about were going to be extinguished." Tr. (Dkt. #193) at 15.

In fact, however, the Second Circuit stated in *Wal-Mart* that "[f]or the purpose of discussing the effect of the [*Wal-Mart*] Settlement on [the] claimants[ in the other two actions], this opinion assumes that the putative ... class[es in those cases were] certified even though [one of the cases] was dismissed before a motion for class certification had been filed," and "even though a motion for class certification has not yet been filed" in the other action. 396 F.3d at 104 n.7 and n.8. Thus, the situation in *Wal-Mart* was similar to that in the case at bar.

I see little benefit to be gained by informing class members that a tentative settlement has been reached, but that some class members oppose it. So long as the notice clearly explains to class members what effect their participation in the settlement would have on them, what their options are, and of their right to raise objections at a later date, further information about others' opposition to the settlement would probably do little more than confuse the recipients of the notice.

Likewise, I do not believe that the notice should include contact information for counsel in the *Cole*, *Pickle*, or *Ebert* actions. At this point, no classes have been certified in those actions, and the point of the notice is simply to make class members aware that participation in the settlement of this action is not necessarily their only viable option. If it comes to pass that a class is certified in any of those other actions, class members can be notified of their ability to participate in those actions at the appropriate time.

I have also read the proposed intervenors' other objections to the parties' proposed notice, their own proposed changes to the notice, and the parties' responses. After considering those proposals, and the arguments advanced by all sides here, I do not believe that any further changes to the proposed notice are warranted. With the exception of additional language concerning the pendency of the *Cole*, *Pickle*, and *Ebert* actions, as set forth in detail in the Conclusion of this Decision and Order, I therefore reject and deny the proposed intervenors' objections to the parties' proposed settlement notice.

## CONCLUSION

The parties' joint motion for preliminary approval of a settlement in this case (Dkt. #183) is granted.

For purposes of this Decision and Order, the terms "JPMorgan Chase," "Covered Position," "Class Notice," and "Effective Date" are to be given the definition given them in the Joint Stipulation and Settlement Agreement ("Stipulation") (Dkt. #185-1).

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, a class consisting of all individuals who were employed by defendant JPMorgan Chase in the United States in a Covered Position either (1) at any time from September 8, 1999 through the date of this Decision and Order in any state other than New York, or (2) at any time from September 8, 1996 through the date of this Decision and Order in New York State.

Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies, for settlement purposes only, a collective action under the Fair Labor Standards Act, as to all individuals who were employed by JPMorgan Chase in a Covered Position in the United States at any time from September 8, 1996 through the date of this Decision and Order.

The Court appoints, for settlement purposes only, plaintiffs Michael C. Davis, Elena Lombardo, Carol Smith and Andrew Whalen as representatives of the class. The Court also appoints, for settlement purposes only, the law firm of Thomas & Solomon, LLP as class counsel.

The Court approves Rust Consulting, Inc. as the Claims Administrator to perform duties in accordance with § VI., subsection 2.10 of the Stipulation.

The Court finds that the procedures for notifying the Class about the settlement as described in the Stipulation provide the best notice practicable under the circumstances and therefore meet the requirements of due process and the Federal Rules of Civil Procedure, and directs the mailing of the Class Notice and the attachments thereto in accordance with the Stipulation.

The Court approves, as to form and content, the proposed Class Notice, attached to the Stipulation as Exhibit 2, except that the Court finds that the notice should include information advising recipients of the notice of the pendency of the *Cole*, *Pickle*, and *Ebert* actions, as described in the body of this Decision and Order, and of the fact that, should the class member not opt out of this action, any claims that the class member may have in those or any other actions within the scope of the release in this lawsuit will be barred. This revised notice should be submitted to the Court for approval.

Any written objections to this settlement must be filed with this Court no later than June 21, 2011.

In the event that the Effective Date does not occur, the settlement and Stipulation shall be deemed null and void and shall have no effect whatsoever, except for those provisions in the Stipulation relating to non-admissibility and non-admission of liability and those provisions relating to the return of documents and discovery. In such case, nothing in the Stipulation or this Decision and Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective-action certification is or may be appropriate in this action or any other matter.

The parties are ordered to carry out the settlement according to the terms of the Stipulation.

The Court will conduct a fairness and good faith determination hearing ("hearing") on July 21, 2011 at 9:00 a.m. for the purposes of: (1) making a final determination of the fairness, adequacy, and reasonableness of the settlement terms and procedures; (2) fixing the amount of attorney's fees and litigation costs and expenses to class counsel and enhancement awards to the class representatives; (3) hearing any timely and properly filed objections; and (4) entering judgment. The hearing may be continued without further notice to class members. The parties shall file their motion for approval of the settlement, and class counsel shall file their motion for attorney's fees, litigation costs and expenses, and for class representatives' enhancement awards, on or before July 14, 2011.

Plaintiffs' motion for class certification (Dkt. #138), and for an extension of time to file a response (Dkt. #168) are denied as moot.

Defendants' motions for an extension of time to file a response to the *Cole* plaintiffs' motions for joinder and for intervention (Dkt. #172), and to strike the *Cole* plaintiffs' supplemental memorandum of law (Dkt. #199), are denied as moot.

The motion to intervene filed by Cynthia Cole, Sally Helmken, Darin Takahashi, and Carrie Wehner (Dkt. 158) is denied.

The motion for leave to file a reply brief filed by Cynthia Cole, Sally Helmken, Darin Takahashi, and Carrie Wehner (Dkt. 179) is granted.

    The motion for leave to joinder in the *Cole* plaintiffs' motion to intervene filed by Carol Hughes and Gayla Pickle (Dkt. #166) is granted.

    IT IS SO ORDERED.

                                        _____
                                            DAVID G. LARIMER
                                         United States District Judge

Dated: Rochester, New York
       April 6, 2011.