UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
MICHAEL J. DAVIS, et al.
*and all others similarly situated,*

                              *Plaintiffs,*        ORDER

                                                  Civil Action No.
                 *versus*                          01-CV-6492L

JPMORGAN CHASE BANK,
CHASE MANHATTAN MORTGAGE
CORPORATION,

                                      *Defendants.*

WHEREAS, the parties previously moved for preliminary of approval of the settlement reached in this matter;

WHEREAS, this Court previously granted the parties' motion for preliminary approval of settlement, *see* Docket No. 208;

WHEREAS, in its decision granting preliminary approval, this Court directed that certain changes be made to the notice to be sent to class members concerning the settlement;

WHEREAS, the parties have submitted a revised notice which has been reviewed by the Court;

NOW, THEREFORE, the Court hereby approves the proposed notice, in the form attached hereto, and directs that it be sent to class members in the manner set forth in the settlement agreement submitted in this matter.

                                                         Honorable David G. Larimer
                                                          United States District Judge

Dated: April 20, 2011

# EXHIBIT 2
## NOTICE OF A CLASS AND COLLECTIVE ACTION SETTLEMENT

*Michael J. Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank and Chase Manhattan Mortgage Corporation*
United States District Court for the Western District of New York (Case No.: 01-CV-6492L)

**YOU ARE HEREBY NOTIFIED AS FOLLOWS:**

A proposed settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuit currently pending in the United States District Court for the Western District of New York. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

As explained in more detail below, you must file a Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) by **June 21, 2011** (as evidenced by the postmark) to receive a portion of the Settlement. If you fail to either file and properly submit a timely claim or timely request exclusion, you will receive nothing under the Settlement, but you will still be bound by the release of the "Released State Law Claims" described in Paragraph C below.

A.   PURPOSE OF THIS NOTICE

The Court has certified, for settlement purposes, the following class (the "Class"):

All individuals who were employed by JPMorgan Chase in the United States in a Covered Position either (A) at any time from September 8, 1999 through April 6, 2011 in any state other than New York, or (B) at any time from September 8, 1996 through April 6, 2011 in New York.

The Court has also certified, for settlement purposes, the following collective action (the "Collective Action"):

All individuals who were employed by JPMorgan Chase in the United States in a Covered Position at any time from September 8, 1999 through April 6, 2011.

For purposes of this Notice and Settlement, "Covered Position" means (i) all non-supervisory underwriters, credit analysts and/or other positions whose main job responsibilities are or were to evaluate creditworthiness of Persons for individual loans or lines of credit and/or to decide whether JPMorgan Chase should issue individual loans or lines of credit to Persons, and including those positions with the job titles and job codes in the lines of business identified on Schedule 1, and (ii) which existed at JPMorgan Chase in the United States at any time during the Class Period, and (iii) which is or was treated as exempt from overtime at any time during the Class Period by JPMorgan Chase. For purposes of this Notice and Settlement, an individual will be considered to be employed in or to have been employed in a Covered Position only for the time period

during which the Covered Position was treated as exempt from overtime by JPMorgan Chase.

For purposes of this Notice and the Settlement, "JPMorgan Chase" means, collectively, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, Banc One Acceptance Corp., Chase Home Finance LLC, Chase Auto Finance Corporation, Chase Bank USA, N.A., Chase BankCard Services, Inc., and Chase Manhattan Mortgage Corporation.

For purposes of this Notice and the Settlement, the term "Class Period" means the period during which the Class Member was employed by JPMorgan Chase in a Covered Position either (A) at any time from September 8, 1999 through April 6, 2011 in any state other than New York, or (B) at any time from September 8, 1996 through April 6, 2011 in New York.

According to JPMorgan Chase's records, you are a member of the Class and/or Collective Action ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Settled Lawsuit described below and the Settlement.

## B.   DESCRIPTION OF THE SETTLED LAWSUITS

This Settlement involves all claims in a lawsuit captioned *Davis, et al. v. JPMorgan Chase & Co., et al.*, Civil Action No. 01-CV-6492L, which was filed on or about October 4, 2001, in the United States District Court for the Western District of New York (the "Settled Lawsuit"). In general, the Settled Lawsuit alleges that JPMorgan Chase has improperly denied its employees in the Covered Positions overtime pay and failed to pay minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and applicable state law. JPMorgan Chase has adamantly denied all wrongdoing, and maintains that its employees in Covered Positions have been properly compensated at all times. There are also other lawsuits that have been filed and are pending against JPMorgan Chase involving claims similar to those in the Settled Lawsuit. These other lawsuits include: *Ebert v. JPMorgan Chase & Co.*, No. H-10-894, in the United States District Court for the Southern District of Texas; *Pickle v. JPMorgan Chase & Co.*, No. 10-CV-02791, in the United States District Court for the Southern District of New York; *Cole v. JPMorgan Chase & Co.*, No. CV 10-00632, in the United States District Court for the Central District of California; and *McDaniel v. JPMorgan Chase Bank*, No. 10-CV-10044, in the United States District Court for the Central District of California (collectively, the "Similar Lawsuits"). No settlements have been reached in the Similar Lawsuits, and each has been stayed because of the Settlement of this lawsuit.

The parties to the Settled Lawsuit disagree as to the probable outcome of the Settled Lawsuit with respect to liability and damages had they not been settled. While the Class Representatives were prepared to proceed with litigating the Settled Lawsuit, they recognize that litigation is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while JPMorgan Chase was confident that it had strong legal and factual arguments that would resolve the Class Representatives' claims in JPMorgan Chase's favor, it recognizes

the risks, distractions, and costs involved with litigation. As such, the parties agreed to participate in a mediation session in New York, New York before a well-respected mediator, and, as a result of the mediation, the parties were able to agree to a Settlement on terms described in the Settlement Agreement.

This Settlement is the result of good-faith, arms-length negotiations between the Class Representatives and JPMorgan Chase, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The attorneys for the Class and Collective Action in the Settled Lawsuits ("Class Counsel") are:

> J. NELSON THOMAS
> PATRICK J. SOLOMON
> MICHAEL J. LINGLE
> THOMAS & SOLOMON LLP
> 693 East Avenue
> Rochester, NY 14607
> Telephone: (585) 272-0540
> Facsimile: (585) 272-0574

The attorneys for JPMorgan Chase are:

> SAM S. SHAULSON
> CARRIE A. GONELL
> MORGAN, LEWIS & BOCKIUS LLP
> 101 Park Avenue
> New York, NY 10178
> Telephone: (212) 309-6000
> Fax: (212) 309-6001

On April 6, 2011, the Court granted preliminary approval of the proposed Settlement. The Court will decide whether to grant final approval to the proposed Settlement at a hearing scheduled for July 21, 2011 ("Final Approval Hearing"). See Paragraph 1 below for details.

C.  SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1. JPMorgan Chase is paying $42 million (the "Maximum Settlement Amount") in full and final settlement of the Settled Lawsuit. The Settlement Payment will be used to pay: (a) the timely and valid claims of Class Members; (b) Class Counsel's fees and litigation costs; (c) enhanced awards to the Class Representatives; (d) the costs of a fund for administering the

3

Settlement; (e) all payments to the California Labor and Workforce Development Agency and/or other appropriate agencies; and (f) all amounts used as reserves.

      2.      After deducting from the Maximum Settlement Amount for attorneys' fees, litigation costs, enhanced awards to the Class Representatives, the costs of a fund for administering the Settlement, all payments to the California Labor and Workforce Development Agency and/or other appropriate agencies, and all amounts used as reserves or attributable to Class Members who opt out of the settlement, the remaining amount (the "Net Settlement Amount") will be used to make settlement payments to each Class Member who submits a timely and properly completed Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) according to a formula that provides that the Net Settlement Amount will be distributed to Participating Claimants, as defined below, on a pro rata basis based on each Participating Claimant's Work Months in a Covered Position according to JPMorgan Chase's records; provided that Participating Claimants who were employed by JPMorgan Chase in California shall receive an allocation of four (4) times the allocation of other Participating Claimants for each Work Month in a Covered Position while employed in California.

For purposes of this Settlement, the term "Work Months" means the total number of calendar days in which a Class Member was actively employed by JPMorgan Chase in a Covered Position, divided by 365/12, rounded to the nearest whole number. For example, if a Class Member was actively employed in a Covered Position by JPMorgan Chase for 12.50 months, that Class Member would have 13 total Work Months for purposes of this settlement. If a Class Member was actively employed in a Covered Position by JPMorgan Chase for 12.49 months, that Class Member would have 12 total Work Months for purposes of this settlement. A Class Member will be deemed to have been employed only in the state in which his or her primary work location was located at any particular time period according to JPMorgan Chase's personnel records. In addition, a Class Member will not be deemed to have been actively employed by JPMorgan Chase for any period during which the Class Member was on a leave of absence.

Under the allocation formula, it is anticipated that Class Members who properly submit timely Settlement Claim Certification and Consent to Join Settlement Forms ("Participating Claimants") in each state other than California will receive a minimum amount of $_____ for each Work Month, and it is anticipated that Participating Claimants in California will receive a minimum amount of $_____ for each Work Month. The actual payment amounts to Participating Claimants will depend upon the number of Class Members who submit claims to participate in the Settlement, as well as the amounts of attorneys' fees, litigation expenses, Class Representative enhancement payments, costs of claims administration that are awarded by the Court, and payments to state agencies.

A portion of any payment made to a Participating Claimant pursuant to this Settlement will be subject to required wage holdings and deductions. Neither Class Counsel nor JPMorgan Chase makes any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Class Counsel will ask the Court to award attorneys' fees in an amount up to 33 1/3% of the Maximum Settlement Amount, plus a reasonable amount for costs incurred in prosecuting the

Settled Lawsuit on behalf of the Class. In addition, Class Counsel will ask the Court to authorize an enhanced award of up to $20,000 to each of the four Class Representatives for their service to the Class.

The Class Representatives and each Class Member who does not timely and properly request exclusion from the Settled Lawsuit and the Settlement in accordance with Paragraph F below will be deemed to fully, finally, and forever release and discharge JPMorgan Chase, and, each of its and their affiliates and related entities (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("JPMorgan Chase Releasees"), from all Released State Law Claims. Any claims that the Class Member may have in the Similar Lawsuits within the scope of the Released State Law Claims in this Settlement will be barred unless the Class Member timely and properly requests exclusion from the Settled Lawsuit and the Settlement in accordance with Paragraph F below.

"Released State Law Claims" shall collectively mean any and all state law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities against JPMorgan Chase Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in section 1.44 of the Joint Stipulation and Settlement Agreement, by a Class Member that accrued on any date up through and including April 6, 2011, or, in the case of Class Members who complete, properly execute, and timely return the Settlement Claim Certification and Consent to Join Settlement Form, the date on which the Class Member executes the Settlement Claim Certification and Consent to Join Settlement Form, for any type of relief, including without limitation, claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including without limitation the following categories of allegations: (a) any and all claims asserted in the Lawsuit which arose under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage to any Class Member in a Covered Position; (c) any and all claims which arose under applicable state laws for failure to timely pay wages, including payment of wages at termination arising out of or relating to the Class Members work in a Covered Position; (d) any and all claims which arose under applicable state laws for the failure to provide or pay for meal breaks, and/or rest periods in a Covered Position; (e) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who JPMorgan Chase classified as exempt under state law from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state law; and (f) all claims for penalties or additional damages, including without limitation waiting time penalties, which allegedly arise from the claims described in (a) through (e) above under any applicable law, including all such claims that are existing and have been asserted as of April 6, 2011. The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes, regulations, or common law, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached

Schedule 2, which includes claims under the California Labor Code Private Attorneys General Act of 2004 ("PAGA") on behalf of the State of California.

In addition, each Class Member who properly submits a timely Settlement Claim Certification and Consent to Join Settlement Form is deemed to fully and finally release and discharge the JPMorgan Chase Releasees from all Released Federal Law Claims. Any claims that the Class Member may have in the Similar Lawsuits within the scope of the Released Federal Law Claims in this Settlement will be barred if the Class Member submits a timely Settlement Claim Certification and Consent to Join Settlement Form in accordance with Paragraph D below.

"Released Federal Law Claims" shall collectively mean any and all federal law wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against JPMorgan Chase Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.44 of the Joint Stipulation and Settlement Agreement, by a Class Member that accrued on any date up through and including the date on which the Participating Claimant executes the Qualifying Settlement Claim Certification and Consent to Join Settlement Form, for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq.* for Class Members in Covered Positions, including all such claims that are existing and have been asserted as of the date on which the Participating Claimant executes the Qualifying Settlement Claim Certification and Consent to Join Settlement Form.

### D. TO RECEIVE A SETTLEMENT PAYMENT

In order to receive a payment under the Settlement, you must complete, sign, and mail the enclosed Settlement Claim Certification and Consent to Join Settlement Form (enclosed with this Notice as Form B) to the Claims Administrator at the following address:

> Davis, et al. v. JP Morgan Chase & Co., et al.
> c/o Rust Consulting, Inc.
> P.O. Box 2396
> Faribault, MN 55021-9096
> Telephone: 1-866-665-8452

**Your properly completed Settlement Claim Certification and Consent to Join Settlement Form must be postmarked no later than June 21, 2011.** Late or incomplete forms will not be honored. If you lose, misplace, or require another Settlement Claim Certification and Consent to Join Settlement Form, you should contact the Claims Administrator at 1-866-665-8452.

No payment made pursuant to the Settlement shall create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by JPMorgan Chase, or otherwise require any contribution or award under any such plan,

or otherwise modify benefits, contributions or coverages under any other employee benefit plan or program.

E.   NON-RETALIATION

JPMorgan Chase will not retaliate or take any adverse action against a Class Member for making a claim under the Settlement.

F.   TO REQUEST EXCLUSION FROM ("OPT OUT OF") THE SETTLEMENT

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you may exclude yourself, or "opt out," by completing and mailing the enclosed Election To Opt Out Of Settlement And Class Action (enclosed with this Notice as Form C) to the Claims Administrator at the address set forth above, and also send copies to Class Counsel and Counsel for JPMorgan Chase at their respective addresses.

In order to be valid, your completed Election To Opt Out Of Settlement And Class Action must be postmarked no later than June 21, 2011. If you submit an Election to Opt Out of Settlement and Class Action after that date, it will be rejected and you will be bound by the release of claims described above and all other Settlement terms.

If you properly submit a timely Election To Opt Out Of Settlement And Class Action, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against JPMorgan Chase with regard to the Released State Law Claims and Released Federal Law Claims as those terms are defined above.

G.   TO OBJECT TO THE SETTLEMENT

If you do not opt out of the Settlement but believe that the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for JPMorgan Chase, and the Claims Administrator at the following addresses:

Class Counsel
J. Nelson Thomas
Thomas & Solomon LLP
693 East Avenue
Rochester, NY  14607

Counsel for JPMorgan Chase
Sam S. Shaulson
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178

<u>Claims Administrator</u>
Davis, et al. v. JP Morgan Chase & Co., et al.
c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096

All objections must be signed and set forth your address, telephone number, and the name of the Settled Lawsuit: <u>Davis, et al. v. JPMorgan Chase & Co., JPMorgan Chase Bank and Chase Manhattan Mortgage Corporation (Case No.: 01-CV-6492L).</u> All objections must be filed with the Court, and sent to Class Counsel, Counsel for JPMorgan Chase, and the Claims Administrator, no later than June 21, 2011 (as evidenced by postmark). If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing that is discussed in Paragraph I below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and <u>shall</u> forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhanced awards to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you <u>must</u> properly submit a timely Settlement Claim Certification and Consent to Join Settlement Form.

Likewise, regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against JPMorgan Chase as set forth in Paragraph C above unless you properly request exclusion from the Settlement in accordance with Paragraph F above.

H.   IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims against JPMorgan Chase as set forth in Paragraph C above.

I.   FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the allocation and distribution of the Net Settlement Amount among Participating Claimants, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhanced awards to the Class Representatives on July 21, 2011 at 9:00 a.m. in Courtroom 2 of the United States District Court for the Western District of New York, located at 2500 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614. The Final Approval Hearing may be continued without further notice to Class Members. You are <u>not</u> required to appear at the hearing to participate in or to opt out of the settlement.

## J.    ADDITIONAL INFORMATION

This Notice only summarizes the Settled Lawsuit, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in the Settled Lawsuit including the Joint Stipulation and Settlement Agreement, may be examined at the Office of the Clerk of Court, United States District Court for the Western District of New York, located at 2500 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, or via the Public Access to Court Electronic Resources System, known as "PACER," available through the Internet at https://ecf.nywd.uscourts.gov/cgi-bin/login.pl.

Any questions regarding this Notice, the Settlement Claim Certification and Consent to Join Settlement Form, the Election To Opt-Out Of Settlement And Class Action Form, or the Settlement should be directed to the Claims Administrator at the above address and toll-free telephone number. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph K below.

## K.    IF YOU CHANGE YOUR NAME OR ADDRESS

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name And/Or Address Information Form (enclosed with this Notice as Form A).

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE