## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

MICHAEL J. DAVIS, et al.,                         )
on behalf of themselves and all others            )
similarly situated,                               )
                                                  )   Case No. 01-CV-6492L
                        Plaintiffs,               )
                                                  )
        vs.                                       )
                                                  )
JPMORGAN CHASE & CO., JPMORGAN                    )
CHASE BANK, and CHASE MANHATTAN                   )
MORTGAGE CORPORATION,                             )
                                                  )
                        Defendants.               )

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

The Court, having considered the parties' Joint Stipulation and Settlement Agreement ("Stipulation") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this order (the "Final Approval Order") will have the same meaning as defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of this action, the Class Representatives, the Settlement Class Members, and JPMorgan Chase & Co., JPMorgan Chase Bank, and Chase Manhattan Mortgage Corporation ("JPMorgan Chase").

3.      As noted in the Court's prior Decision and Order, *see* Docket No. 241 ("Decision and Order"), which is hereby incorporated by reference, the Court finds the Settlement of this matter to be fair and adequate and hereby grants final approval of the Settlement, including the releases and other terms included in the Stipulation. *See id.* at 2.

4. In particular, the Court finds that the Settlement was the product of protracted, arms-length and non-collusive negotiations between experienced counsel. Further, in light of the uncertainty of Plaintiffs' claims, the risks of obtaining and maintaining class and collective action certification, and the other risks and costs associated with further litigation, the Court concludes that the Settlement is fundamentally fair and adequate. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

5. The Court finds that there was one written objection to the Settlement. The Court finds that this objection is overruled for the reasons set forth in the Decision and Order. *See id.* at 8-13. *See also id.* at 20.

6. The Court finds that the procedures for notifying the Class about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Settlement Class provided adequate, due, sufficient and valid notice to Settlement Class Members.

7. The Court finds, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action), that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). The Court finds, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action), that: (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Class Members; (c) the Class Representatives' claims are typical of the claims of the Class Members; (d) Class Counsel have fairly and adequately protected the interests of the Class; and (e) a class action is superior to other available

2

methods for the fair and efficient adjudication of the controversy. Nothing in this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in any other action.

8.    The action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and all other Settlement Class Members (other than those who timely filed an Election to Opt Out of Settlement and Class Action Form as identified in Attachment A hereto) from prosecuting Released State Law Claims and all Participating Claimants are barred from prosecuting Released Federal Law Claims.

9.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released State Law Claims or Released Federal Law Claims, or of any wrongdoing or liability of JPMorgan Chase or any of the JPMorgan Chase Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of JPMorgan Chase or any of the in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

10.    Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. *See id.* at 13-19.

11.    As explained in the Decision and Order, Class Counsel has undertaken a substantial investigation into the Class Members' claims in this case, including extensive discovery over many years.

12.    Class Counsel also spent considerable time and effort in this matter, including reviewing tens of thousands of pages of documents, conducting many depositions, briefing

3

various motions, including cross motions for summary judgment, appealing this Court's summary judgment decision to the Second Circuit and obtaining a favorable decision from the Second Circuit on an issue with very little direct authority in the Second Circuit. *See Whalen v. JPMorgan Chase & Co, Inc.*, 587 F.3d 529, 532 (2d Cir. 2009).

13.    The Court recognizes that continued litigation involved risks for the class members, including challenges defendants would raise concerning the appropriateness of maintaining this case as a class action as well as on the merits of the underlying claims.

14.    If litigation resumed, a risk exists that the Class Members would have been worse off than the guaranteed recovery offered by the settlement.

15.    The class has also been well-represented.

16.    As noted above, this case has an extended history, including extensive discovery and a successful appeal to the Second Circuit.

17.    Following from that extended litigation, Class Counsel obtained a $42 million settlement which will provide class members with significant individual recoveries.

18.    Further, Class Counsel is well-versed in wage and hour class action litigation.

19.    Thus, the history of the litigation, the size of the fund created, the substantial recovery each class member stands to receive and Class Counsel's experience all demonstrate the quality of representation by Class Counsel in this case.

20.    The percentage requested by Class Counsel is in the range typically awarded for cases of this size. *See Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 249 (2d Cir. 2007).

21.    Accordingly, Class Counsel is hereby awarded $14,000,000 for attorneys' fees, and $115,000 for reimbursement of litigation costs and expenses, which the Court finds were

4

reasonably incurred in prosecution of this case. The Court further finds that the agreement between the Settling Parties concerning Class Counsel's fee and expense application is fair and reasonable.

22.      The enhancement awards for the four Class Representatives in the amount of $20,000 each for a total of $80,000 are approved to reimburse them for their unique services in initiating and maintaining this litigation.

23.      Pursuant to the terms of the Stipulation, no later than 30 days of the Effective Date, the Claims Administrator shall mail each Participating Claimant his or her individual payment. *See* Stipulation at § 2.7.1. Following the mailing of the payments to Participating Claimants, the Claims Administrator shall provide counsel for both parties with a written confirmation of the mailing which shall be filed with the Court. *See id.* at § 2.7.3.

24.      The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and any action to enforce the Stipulation shall be commenced and maintained only in this Court.

25.      This matter is hereby dismissed with prejudice. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November $\cancel{2\!\!\!/}$ , 2011

David G. Larimer, U.S.D.J.

5

## ATTACHMENT A

Katherine S. Webster
Mary E McClure
Stephen Tim Finney
Valerie S. Hartman
Sonia Troche
Michael D. Samuels
David Morgan
Elizabeth Anne Ebert
Rebecca A. Dahlstrom
Barbara Anita Fuller
Sandi Chaffee